**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DR. MAHMOUD ABOUELENEIN,

      Plaintiff,

    v.                              Case No.: 2:18-CV-02670-DDC-JPO

KANSAS CITY KANSAS COMMUNITY
COLLEGE, THE BOARD OF TRUSTEES OF
KANSAS CITY KANSAS COMMUNITY
COLLEGE, and DR. JACQUELINE VIETTI,

      Defendants.

**DEFENDANTS' FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF**

      Defendants Kansas City Kansas Community College, The Board of Trustees of Kansas City Kansas Community College, and Dr. Jacqueline Vietti's (hereinafter, "Defendants"), hereby propounds the following First Requests for Production of Documents to Plaintiff to be produced within thirty (30) days after service thereof.  In responding to these requests, Plaintiff is required to furnish all information available to him, including information in the possession of his investigators, agents, representatives, attorneys, and any other person or persons acting on his behalf.

      The requests which follow are to be considered continuing and Plaintiff is requested to provide, by way of supplementary responses, such additional information as he or any other person acting on his behalf may hereinafter obtain which augments, changes, or otherwise modifies his responses now given to the requests below.

      Each request not only calls for the knowledge of Plaintiff, but also for all knowledge that is available to him by reasonable inquiry, including inquiry of his representatives and attorneys.

4844-5674-0248.1

EXHIBIT A

## DEFINITIONS

1.     "Plaintiff," "you," and "your(s)" means Plaintiff Dr. Mahmoud Abouelenein and all of his agents, representatives, attorneys, etc.

2.     "Persons" means natural persons, corporations, sole proprietorships, unions, associations, partnerships, federations, or any other entity.

3.     The term "identify" <u>when used in reference to a natural person</u> means to state to the fullest extent possible, his or her full name, present or last known address, and telephone number.

4.     The term "identify" <u>when used in reference to a document</u> means to state the date, author, and type of document (*e.g.*, letter, report, etc.), or to provide some other means of identifying the document, and to disclose the present location and custodian thereof.

5.     The term "document" has the same meaning as used in the Federal Rules. "Document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original or copies of any written, recorded or graphic matter, however produced or reproduced, including but not limited to any booklet, pamphlet, periodical, letter, correspondence, e-mail, telegram, invoice, contract, purchase order, estimate, report, memorandum, inter-office communication, working paper, record, study, paper, worksheet, cost sheet, estimating sheet, bid, bill, time card, work record, chart, graph, index, data sheet, data processing card or tape, recording, transcript thereof, photograph, object, or tangible thing and all other memorials of any conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording, which was in your possession, custody or control, in the possession, custody or control of your agents or attorneys, or which was but is no longer in

your possession, custody and control, which would constitute or contain evidence relating to any matter which is relevant to the subject matter involved in this proceeding.

6.     The term "relating to" means refer to, discuss, describe, reflect, identify, deal with, consist of, explain, implement, compromise, or in any way pertain in whole or in part, directly or indirectly to the subject.

7.     "Complaint" means the First Amended Complaint filed in the above captioned matter pending before the United States District Court for the District of Kansas.

8.     All other words herein shall have their meaning in the ordinary English usage. These requests are to be considered as being continuing in nature as requiring supplemental responses.

9.     If any information is withheld under claims of privilege, state the privilege invoked and identify the subject matter (without disclosure of its contents) of the information withheld sufficient to allow its description to the Court for ruling thereon.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce diaries, journals, notes, appointment books, day planners, calendars, and/or logs of dates and events, electronic or otherwise, that you maintained at any time during your course of employment with Defendant KCKCC through the present that detail information related to your KCKCC employment.

**RESPONSE:**


**REQUEST NO. 2:** Please produce documents in your possession or which may be reasonably obtained that reflect any statements of any person or witness pertaining to or supporting any claim or allegation made by you in this lawsuit.

**RESPONSE:**


**REQUEST NO. 3:** Please produce correspondence, reports, notes, letters, text messages, e-mails, or any other documents between you and any other current and/or former employee or agent or board member of Defendant KCKCC that pertain to or otherwise refer to the allegations in your Complaint including, but not limited to, written reports or complaints of any kind made by you concerning the incidents which are the subject matter of this lawsuit.

**RESPONSE:**


**REQUEST NO. 4:** Please produce notes, memoranda, letters, text messages, e-mails, and/or any other document which pertains to conversations or communications you had with anyone, including but not limited to any employee, official, board member, or agent of Defendant KCKCC about the occurrences to which you refer in your Complaint.

**RESPONSE:**

**REQUEST NO. 5:** Please produce any document or thing you anticipate using as a trial or deposition exhibit in this matter.

**RESPONSE:**

**REQUEST NO. 6:** Please produce any and all recordings of any conversation which you are aware of relating to the allegations in your Complaint, whether audio, video, or photographic.

**RESPONSE:**

**REQUEST NO. 7:** Please produce any document in which you list, summarize, explain, or otherwise record any act of Defendant KCKCC, its agents, board members, or employees about which you make any claim or complaint.

**RESPONSE:**

**REQUEST NO. 8:** Please produce any and all documents which support your claim of damages as detailed in your initial disclosures.

**RESPONSE:**

**REQUEST NO. 9:** Please produce any listing and/or itemization of damages that you or your representatives have prepared and all documents pertaining to and/or used to calculate your damages to the extent not otherwise included with your initial disclosures.

**RESPONSE:**

**REQUEST NO. 10:** Please produce your personal and any business federal and state tax returns, including schedules and attachments, for the past five (5) years.

**RESPONSE:**

**REQUEST NO. 11:** Please produce any and all documents that support your answers to any of the interrogatories you received from Defendants or that you referenced or relied on in drafting your responses to interrogatories.

**RESPONSE:**

**REQUEST NO. 12:** Please produce documents that support your efforts to mitigate your damages or seek treatment for any emotional distress you allege was caused by the conduct you allege in this lawsuit.

**RESPONSE:**

**REQUEST NO. 13:** Please produce all documents in your possession reflecting your participation in any civil, criminal, or agency proceeding, including but not limited to, any judgments against you.

**RESPONSE:**

**REQUEST NO. 14:** Please produce all documents received, or otherwise obtained, by you from Defendants in this action, whether or not said documents were obtained with prior authorization from Defendants.

**RESPONSE:**

**REQUEST NO. 15:** Please produce all documents in your possession or that may reasonably be obtained referencing medications, whether prescribed or over the counter, which you have taken in the last five (5) years.

**RESPONSE:**

**REQUEST NO. 16:** Please produce all documents relating to any condition or circumstance (including, but not limited to, hospitalization, disability, etc.) that rendered you unable, or otherwise unavailable, to work at any time during your employment with Defendant KCKCC through the present.

**RESPONSE:**

**REQUEST NO. 17:** Please produce all documents reflecting the payment and amount of all income, including periods of self-employment (including, but not limited to, wages or salary), indicating rate of pay and annual or year-to-date earnings, Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, and disability benefits (long- and/or short-term, and/or any other monies) received by you in the last seven (7) years.

**RESPONSE:**

**REQUEST NO. 18:** For each Twitter or Facebook account maintained by you, please produce your account data for the period between your date of hire with Defendant KCKCC through the present. You may download and print your Facebook data by logging onto your Facebook

account, selecting "Account Settings" under the "Home" tab on your homepage, clicking on the "Download a copy of your Facebook data" link, and then clicking on "Start My Archive."

**RESPONSE:**

**REQUEST NO. 19:** Please produce all documents related to or reflecting any applications or claims for Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, and disability benefits made by you since January 1, 2014, including correspondence regarding any applications or claims and decisions regarding any applications or claims.

**RESPONSE:**

**REQUEST NO. 20:** Please execute the attached Authorization for Release of Educational Records.

**RESPONSE:**

**REQUEST NO. 21:** Please execute the attached Authorization for Release of Employment Records.

**RESPONSE:**

**REQUEST NO. 22:** Please execute the attached Social Security Administration Consent for Release of Information.

**RESPONSE:**

**REQUEST NO. 23:** Please execute the attached Tax Authorization.

**RESPONSE:**


**REQUEST NO. 24:** Please execute the attached HIPAA Compliant Authorization for Release of Information (45 CFR § 164.508).  Please note that this form requires two signatures.

**RESPONSE:**


**REQUEST NO. 25:** Please produce any evidence including, but not limited to, letters, e-mail correspondence, recordings of any sort, or written statements showing that any of the Defendants signed the contract of employment referenced in the your Complaint and please identify any and all evidence showing that KCKCC or the Board of Trustees for KCKCC ever approved the contract of employment referenced or the benefits stated in the contract of employment referenced in your Complaint.

**RESPONSE:**


**REQUEST NO. 26:** Please produce any evidence including, but not limited to, letters, e-mail correspondence, recordings of any sort, or written statements between you and Doris Givens pertaining to or referencing the contract of employment referenced or the benefits stated in the contract of employment referenced in your Complaint.

**RESPONSE:**


**REQUEST NO. 27:** Please produce any evidence including, but not limited to, letters, e-mail correspondence, text messages, voicemails, recordings of any sort, or written statements between

you and Doris Givens from July 2014 to April 3, 2018 pertaining to your employment at Kansas City Kansas Community College.

**RESPONSE:**


**REQUEST NO. 28:** A recent (taken within the last six (6) months), color photograph of Plaintiff against a white background.

**RESPONSE:**

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
Karly D. Weigel, KS #78719
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Avenue, Suite 700
Kansas City, Missouri 64112
Telephone: (816) 299-4250
Facsimile:  (816) 299-4245
alan.rupe@lewisbrisbois.com
karly.weigel@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2019, I served the above Defendants' First Requests for Production of Documents to Plaintiff, via e-mail to the following:

Adam R. Moore
adam@moorelawkc.com

Andrew Funk
Andrew@frlawkc.com

*Attorneys for Plaintiff*

/s/ Alan L. Rupe
Alan L. Rupe