## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DR. MAHMOUD ABOUELENEIN,<br><br>         Plaintiff,<br><br>    v.<br><br>KANSAS CITY KANSAS COMMUNITY COLLEGE, THE BOARD OF TRUSTEES OF KANSAS CITY KANSAS COMMUNITY COLLEGE, and DR. JACQUELINE VIETTI,<br><br>         Defendants. | Case No.: 2:18-CV-02670-DDC-JPO |

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff Dr. Mahmoud Abouelenein, in answer to Defendants' First Set of Interrogatories to Plaintiff states as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please provide the following background information about yourself: your present and full name, other names you have used or by which you have been known, present address, how long you have lived there, any other addresses in which you resided in the last five years, telephone number, date and place of birth, current religion, any other religions you may have belonged to, date of first entrance into the United States, citizenship status, any countries which you are currently a citizen or permanent resident, social security number, present marital status, length of marriage, whether you have been married before, and if so, the full name of your ex-spouse(s) and length of said marriage(s).

EXHIBIT D

**<u>ANSWER</u>:**  Plaintiff states that his present full name is Baz Salah Abouelenein, D.M. and he has previously been known as Mahmoud "Baz" Salah Abouelenein, D.M.  His current address is ███████████████████████████ and he has previously resided at ███████████ ███████████████████████.  Plaintiff's telephone number is ███████████.  Plaintiff was born on ███████ in Egypt.  Plaintiff's religion is Islam and he has not belonged to any other religion.  Plaintiff entered the United States on 3/21/2002 and he is a citizen of the U.S.  Plaintiff's Egyptian passport has expired.  Plaintiff's Social Security Number is ███████████.  Plaintiff is presently married and has been married since 1/22/19.  Plaintiff was previously married to Cynthia Abouelenein and that marriage lasted for approximately 15 years.

**INTERROGATORY NO. 2:**

Please identify by name and address all high schools, colleges, technical schools, and other educational institutions you have attended in your lifetime and the dates of attendance at each such institution, including for each such educational institution all degrees or certifications received and the date each such degree or certification was received.

**ANSWER:**  Plaintiff states to the best of his recollection as follows:

- Alasyah High School, Saudi Arabia, graduation in 1991.

- City College of Seattle, Seattle WA, Bachelor's degree in Computer Information Systems, graduation in 1997.

- University of Phoenix, Doctor of Management, Organizational Leadership, graduation in 2012.

- Certification as a Project Management Professional (PMP) by Project Management Institute, March 2009.

- Certification in Risk & Information Systems Control (CRISC) by ISACA, October 2017.

- Certified Information Security Manager (CISM) by ISACA, May 2019.

- Currently pursuing a Chief Information Security Officer Executive Certificate from Carnegie Mellon University with expected graduation date of February 2020.

**INTERROGATORY NO. 3:**

Please give your work history since high school until the present date, including the name and address of the employer, the dates of employment, position(s) held, nature of your duties, rate(s) of pay, the name of your supervisor(s), and your reason for leaving, if applicable.

**ANSWER:**  Plaintiff states to the best of his recollection as follows:

- Current: Grantham University, Lenexa, KS (April 2018-present).  Position: Vice President, Information Technology & Chief Information Officer.  Duties: Provide vision and leadership for developing and implementing information technology initiatives throughout the University; Direct the planning and implementation of academic and administrative IT systems in support of academic and business operations to improve institutional effectiveness, service quality, and student experience.  Rate of pay: Plaintiff's salary is $175,000 per year but his total compensation and benefits are less than he received under his Employment Contract at KCKCC.  Supervisors: David Eby, Scott Andrews, Anthony Petroy.  Reason for leaving: not applicable.

- Kansas City Kansas Community College, Kansas City, KS (2005-April 2018).  Positions: Chief Information Officer; Director, Information Systems; Dean of Information Services; Freedom of Information Officer (Board appointed); Adjunct Instructor, CIS and Technology; ERP Project Manager.  Defendants are aware of Plaintiff's duties as Plaintiff was employed by or reported to Defendants.  Duties include: Recruited to envision, communicate, and drive the IS mission as a strategic partner (senior leadership team); Oversee network and infrastructure performance, information security, desktop and end-user support, media services, institutional data

management, technology budget, and entire IT workforce; Collaborate with key stakeholders to define strategic IS vision and expand, upgrade information infrastructure and services; Ensure FERPA compliance and represent college with federal and state agencies; Budget: $2M; Reports: 5 senior-level, 29-member IS team. Rate of pay:   Defendants are aware of Plaintiff's rate of pay as Plaintiff was employed by or reported to Defendants.  Plaintiff has requested documents including Plaintiff's pay stubs from Defendants and Defendants have not yet produced these documents.   Pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Defendants to documents, including pay stubs, in the possession of Defendants from which the answer to this interrogatory can be ascertained.   Supervisors: William Chennault, Morteza Ardebili, Brian Bode, Doris Givens, Jacqueline Vietti.  Reason for leaving: termination as a result of retaliatory and discriminatory treatment as set forth in Plaintiff's First Amended Complaint.

- Community Action Partnership, St. Joseph, MO (2002-2005).  Position: Director, Information Systems.   Duties: Advised Board of Directors on new technology strategy; built Community's first eCommerce web interface; migrated all administrative, financial, Help Desk, and ERP systems to secure platform; mitigated data risks and further enhanced security through robust user authentication processes. Plaintiff does not recall his rate of pay.  Supervisor: Dave Leyland.  Reason for leaving: left job to pursue better opportunities.

- Integrated Solutions, Cairo, Egypt (1998-2002).   Position: Senior Systems Administrator.   Duties: Recruited to build robust infrastructure for innovative

satellite-based Internet delivery solution.  Plaintiff does not recall his rate of pay or supervisor at this time.  Reason for leaving: left job to pursue better opportunities.

**INTERROGATORY NO. 4:**

Please identify all lawsuits, litigation, claims, or charges to which you were a party in the last ten (10) years with any federal, state, or local court, agency, or administrative body, including but not limited to any and all civil rights claims, employment discrimination claims, workers compensation claims, divorces, bankruptcy, and/or claims for violations of your constitutional rights, by stating the style, case, or charge number, nature and subject matter of, parties and their last known address to, date of initiation of, and the resolution (if any) of, the suit, complaint, claim, or charge; and identify each document related thereto.

**ANSWER:**   Plaintiff states that he is a party to this current lawsuit as well as divorce proceedings related to his ex-wife, Cynthia Abouelenein, in the District Court of Johnson County, Kansas.  The records of these proceedings are accessible through the District Court of Johnson County, Kansas.

**INTERROGATORY NO. 5:**

Please identify any and all conversations, discussions, or correspondence you or anyone acting on your behalf have had, with the exception of those protected by attorney client privilege, in which the facts of this lawsuit were discussed, by describing in detail the nature and context of the conversation; the person to whom you spoke including their address, telephone number, and place of employment; when and where such conversation(s) took place; and the name, address, telephone number, and employer of any witnesses to such conversation(s).

**ANSWER:** Plaintiff objects that the interrogatory is vague and overbroad in asking for detailed descriptions of conversations in which "the facts of this lawsuit" were discussed. The allegations in this lawsuit cover the 13-year period of Plaintiff's employment, so as written, the answer would require Plaintiff to contextualize and describe in detail the majority of his conversations about his work with colleagues, friends and family. Such a request is overly broad and not proportionate as required by Rule 26.

If, however, Defendants were to identify specific allegations in Plaintiff's complaint (or Defendants' defenses) and request the dates, participants and facts conveyed in any conversations in which the facts of those specific allegations were discussed, Plaintiff would respond.

**INTERROGATORY NO. 6:**

Please identify any statement, written or otherwise, obtained by you or any person acting on your behalf, from any person regarding your claims against any of the Defendants by identifying the name and address of the person from whom such statement was taken, the form of the statement (*e.g.* – written or oral, handwritten or electronic), and the name and address of the person presently having custody of such statement.

**ANSWER:** Plaintiff objects that "any statement" is vague and ambiguous. To the extent this would include case evaluations or other work product from Plaintiff's attorney, such documents are privileged as attorney client communications and work product. Plaintiff states that on the morning of April 4, 2018, Plaintiff was informed by KCKCC Chief Human Resources Officer Christina McGee and KCKCC Chief Financial Officer Michael Beach that the Board voted to declare its intent to terminate Plaintiff during the Special Meeting of the Board for "failure or refusal to comply with or violation of any policies, rules, regulations, or laws applicable to the College; and other personal conduct that is detrimental to the interests of the College." Plaintiff was informed that they were unaware of the specific conduct that formed the basis for the termination.  Plaintiff has already produced an audio recording of this meeting in his Rule 26 initial disclosures.  To the best of Plaintiff's information and belief, no one has obtained any other statements, and Plaintiff has not obtained statements.

**INTERROGATORY NO. 7:**

Please identify any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action or any fact underlying the subject matter of this action, and please state the specific nature and substance of the knowledge these identified persons may have.

**ANSWER:** Plaintiff objects that this interrogatory is vague and overly broad in requesting Plaintiff to identify "any person who has" "knowledge or information pertaining to any fact alleged in the pleadings" or "any fact underlying the subject matter of this action."  Knowledge of any fact alleged in this action would include any fact tangentially related to the case and could also include attorney work product and privileged communications. To the extent that this Interrogatory seeks the identification of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment, Plaintiff has complied and will comply with Rule 26(a)(1) disclosure requirements and Plaintiff directs Defendants to Plaintiff's Rule 26(a)(1) disclosures.

Subject to and without waiving these objections, Plaintiff additionally identifies KCKCC Chief Information Officer Bill Chennault and Dean of Human Resources Leota Marks who have knowledge regarding Plaintiff's complaint in 2005 where his supervisor, Mr. Chennault, told Plaintiff that he looked like a terrorist.

**INTERROGATORY NO. 8:**

Please state whether you have been arrested, charged with, and/or convicted of any crimes (including traffic offenses but excluding speeding tickets), felony, or misdemeanor, by any city, state, or federal authorities in the last ten (10) years, and for each such arrest, charge, and/or conviction describe the details of the arrest, charge, and/or conviction, the disposition of the same, a description of the court case filed (if any), including but not limited to, the name of the county and state, the case number, etc.; and the date of each.

**ANSWER:**  None.

**INTERROGATORY NO. 9:**

Please state each item of damage that you claim in this lawsuit, including in your answer: the count or claim to which the item of damage relates, the category into which each item of damage falls (i.e., general damages, punitive damages, penalties, interest, and any other relevant categories), the factual basis for each item of damages, an explanation of how you computed each item of damages (including mathematical formula used), and identification of each document (including electronically stored information) pertaining to each item of damages.

**ANSWER:** Plaintiff will comply with his continuing obligation under Rule 26.1 to provide information regarding his damages. Plaintiff also refers to Defendants to Plaintiff's Rule 26(a)(1) disclosures and the documents produced with those disclosures.  Plaintiff specifically refers Defendants to the document bates labeled Abouelenein 435-437 and section III of Plaintiff's Rule 26(a)(1) disclosures.  Pursuant to Rule 33(d), Plaintiff will provide documentation of medical expenses.

**INTERROGATORY NO. 10:**

Please identify any social or professional networking websites for which you have a user name and/or password and state your user name and password for each website. The social or professional networking sites referenced in this interrogatory include, but are not limited to, the following: Facebook, LinkedIn, Myspace, Twitter, Instagram, Youtube, Google+, Pinterest, Tagged, Flickr, and Xanga.

**ANSWER:**  Plaintiff objects to the request that Plaintiff provide Defendants with the private passwords for his social or professional networking websites as overbroad and beyond the scope of discovery.  To the extent that Defendants are requesting identification of Plaintiff's social or professional networking website accounts, Plaintiff states that Plaintiff maintains an account on LinkedIn ("Baz Abouelenein, D.M., PMP, CRISC, CISM") and an account on Twitter ("@CIO_Baz").  Plaintiff further states that these accounts are publicly accessible and have not been designated as private.

**INTERROGATORY NO. 11:**

      Please describe any discipline, counseling, and/or warning you have received, whether oral or written, for any conduct, activity, and/or business practice in which you engaged while you were in the employment of Defendant KCKCC, by stating the date, time, place, and nature of the warning, discipline, and/or counseling; the name of the individual who warned, disciplined, and/or counseled you; the name of any witnesses; and the nature of any action taken by any of the Defendants as a result of the warning, discipline, and/or counseling.

**ANSWER:** Plaintiff has not received any discipline, counseling and/or warning related to any conduct at any time during his employment at KCKCC.  Additionally, despite numerous requests by Plaintiff over the nineteen months since he was retaliated against and improperly terminated, KCKCC and the Board have been unable or unwilling to identify the "failure or refusal to comply with or violation of any policies, rules, regulations, or laws applicable to the College; and other personal conduct that is detrimental to the interests of the College" that formed the basis for Plaintiff's termination.

**<u>INTERROGATORY NO. 12</u>:**

Please identify by source, date, and amount all income or monies (including, but not limited to, Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, retirement benefits, and disability benefits (long-and/or short-term) that you have received from January 1, 2010 through the present.

**<u>ANSWER</u>:** Plaintiff also objects to the request for the past nine years of tax returns as overly broad. To the extent the request for income information was made to substantiate Plaintiff's lost wages, Plaintiff will produce W2 forms (when prepared) and payment records which will demonstrate his current pay at Grantham University. Plaintiff also states that Defendants are in possession of documents, including pay stubs, reflecting Plaintiff's income through his employment at KCKCC through his termination. Plaintiff has requested these documents in discovery and Defendants have not produced these documents to date.

**INTERROGATORY NO. 13:**

Please identify the name, address, and telephone number of all health care providers and/or facilities including, but not limited to, physicians, chiropractors, psychiatrists, psychologists, counselors, therapists, advanced registered nurse practitioners, hospitals, or clinics from which you have received any health care or by whom you have been treated and/or examined for any medical illness, injury, condition or symptom within the past ten years, and as to each, please describe the injury, disability, condition, sickness, disease, and/or infirmity for which you were treated, examined, and/or provided consultation; the nature of the treatment you received; the dates you were seen by each provider and/or were a patient at each such facility; whether or not such treatment was sought as a result of any damages or injuries that you claim Defendants caused.

**ANSWER:**  Plaintiff objects to the request to disclose information related to "any health care" for "any medical illness" "within the past ten years" as overbroad and not reasonably calculated to the issues in this case.  To the extent that this Interrogatory is limited to information related to medical treatment for damages or injuries that Plaintiff alleges were caused by Defendants, Plaintiff will produce documents pursuant to Fed. R. Civ. P. 33(d), from which the answer to this interrogatory can be ascertained. Plaintiff is also providing a medical records authorization limited to the damages or injuries that Plaintiff alleges were caused by Defendants. Plaintiff received treatment from Dr. Hamid Alhousseini at Sunflower Medical Group in Kansas City, Kansas for anxiety, insomnia and stress management.

**INTERROGATORY NO. 14:**

Please identify each person you have retained or consulted with as an expert witness in anticipation of, or in preparation for, trial and state whether or not said expert is expected to be called to testify at trial and for each such person state the subject matter upon which each expert was retained or consulted or is expected to testify; all opinions of such expert and the basis and reasons therefore; the data and any other information utilized by such expert in formulating his opinion; the qualifications of such expert including a list of publications authored by the expert within the past ten (10) years; a list of other cases in which such expert testified at trial or by deposition within the past four (4) years; the compensation to be paid such expert; and identify all exhibits to be used as a summary or in support of such expert's opinions.

**ANSWER:**  Plaintiff has not identified an expert witness, but will comply with the Court's scheduling order and Rule 26(a)(2) if an expert is identified.

**INTERROGATORY NO. 15:**

Please state whether you contend anyone on behalf of any Defendants has made a statement or statements, whether a verbal or non-verbal act, that constitutes an "admission" under applicable law in support of your allegations in this lawsuit and describe in full detail each such statement or act; identify the person or people that made each such statement or engaged in each such act; identify each person that was present when each such statement or act was made or engaged in; and identify the date when and location where each such statement or act engaged in was made.

**ANSWER:** Plaintiff notes that this interrogatory seeks the application of facts (statements) to law (applicable law governing admissions). Under Fed. R. Civ. P. 33(a)(2), Plaintiff is not objecting, but will answer after receiving Defendants' answers to Plaintiff's initial discovery, the accompanying documents, and Defendants' disclosures under Rule 26.

Answering further, admissions of Defendants are detailed in these discovery responses and Plaintiff's complaint.

**INTERROGATORY NO. 16:**

Please identify all documents used to prepare your answers to Defendants' First Set of Interrogatories.

**ANSWER:**  See documents produced in Plaintiff's Rule 26(a)(1) disclosures.

**INTERROGATORY NO. 17:**

Identify all individuals or entities with whom you have sought employment since your separation from employment with Defendant KCKCC, and, for each such individual or entity, describe the position(s) sought; the date of application(s) of employment (or employment contract(s)); whether or not a position was offered as a result thereof; the reason given, if any, why the position was not offered (if applicable); the names and titles of the individual(s) with whom you interviewed, or with whom you spoke in connection with seeking such employment; the rate of pay for any employment position offered; and the benefits for any employment position offered.

**ANSWER:** Plaintiff has sought employment in positions in the field of Chief Information Officer and/or Vice President of Information Technology from the following institutions during the period of late 2018 and May 2019: University of Hawaii, City of Overland Park, Los Rios Community College, Colorado State University, Rider University, Phoenix College, Marquette University, Pacific University Oregon, University of Michigan, Queens University of Charlotte, Ashford University, Colgate University, Ramapo College of New Jersey, University of Wisconsin – Madison, CampusWorksInc, Purdue University, Texas A&M.  In the process of applying for these positions, Plaintiff had to disclose this lawsuit, including the retaliatory and discriminatory termination and the improper and unsupported allegations of fraud being made by Defendants in this lawsuit which negatively affected his reputation, his employability and future earning capacity.

**INTERROGATORY NO. 18:**

Please identify any evidence including, but not limited to, statements, conversations, letters, text messages, e-mail correspondence, recordings of any sort, or written statements showing that any of Defendants signed and/or approved the contract of employment referenced in the your Complaint.

**ANSWER:**  Defendants were aware of the existence of and the terms of Plaintiff's employment contract as the employment contract was executed by KCKCC and Plaintiff received the benefits outlined therein from the time the contract was effective until these benefits were improperly terminated by Defendants.

KCKCC, as Plaintiff's employer, approached Plaintiff in 2015 and offered the employment contract attached as Exhibit C to Plaintiff's First Amended Complaint. KCKCC offered almost identical employment contracts to all of the Chief Officer level employees, including Plaintiff, Michael Vitale, Susan Lindahl, Deryl Wynn and Abbie Dillard.  The employment contract was titled "Employment Contract Between Dr. Mahmoud (Baz) Abouelenein, Ph.D. and Kansas City Kansas Community College."  The employment contract was signed by the President of Kansas City Kansas Community College, the individual that the Board relies on to ensure that personnel policies, practices and employee agreements are implemented and followed.  The employment contract further expressly states that "the College [Defendant KCKCC] wishes to assure itself of the services of the Chief Information Officer for the period of this Contract" and "the College has determined that the best interests of the College would be served by providing for the terms and conditions of Administrator's employment as set forth herein."

Throughout Plaintiff's employment from the time that the employment contract was signed until after Plaintiff notified Defendants on March 29, 2018 of his intention to pursue an EEOC charge, KCKCC repeatedly and consistently reaffirmed the employment contract. During each pay period during that time, Defendant KCKCC (Plaintiff's employer) consistently provided Plaintiff with the compensation, benefits and allowances set forth in the employment contract. Plaintiff's pay stubs additionally reflected the leave time accrued by Plaintiff as set forth in the employment contract. During a meeting between Dr. Vietti and Plaintiff, Dr. Vietti reaffirmed the existence and KCKCC's continued honoring of the Employment Contract and the benefits contained therein when she informed Plaintiff that his phone/data allowance and automobile allowance would not be cut because they were "in his contract" while KCKCC was removing non-contractual stipends and benefits provided to other employees. Board member Don Ash was present along with then-KCKCC President Dr. Doris Givens during Plaintiff's performance review on May 31, 2017 in which Plaintiff's employment contract was referenced in front of Don Ash in the context of potential renewal after expiration of the contract. The Board was also aware of the existence of the employment contract due to their oversight and budgetary duties which include budgeting for employee salaries and benefits including the compensation contained within Plaintiff's employment contract.

Plaintiff further states that Plaintiff has previously requested documents related to the employment contracts in discovery and Defendants have not produced these documents to date.

**INTERROGATORY NO. 19:**

Please identify each instance, including the dates and substance of the complaint, in which you complained of harassing or discriminatory behavior while you were employed at KCKCC.

**ANSWER:**  In 2005, Plaintiff was told by his supervisor, Bill Chennault, that Plaintiff looked like a terrorist.  Plaintiff raised a complaint regarding this conduct with Leota Marks.   On September 8, 2017, Plaintiff made a written complaint to KCKCC Human Resources about the discriminatory treatment that he has received.  On or about April 5, 2018, Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against KCKCC on the basis of religious, national origin, and retaliation. Additionally, Plaintiff complained through his legal representative regarding the retaliatory and discriminatory treatment of Plaintiff related to his Employment Contract.  Further answering, pursuant to Rule 33(d), Plaintiff refers Defendants to the documents previously produced in Plaintiff's Rule 26(a)(1) disclosures including the written Human Resources complaint, EEOC charge and correspondence with College counsel.  Plaintiff further states that Plaintiff has previously requested documents related to the employment contracts in discovery and Defendants have not produced these documents to date.

Respectfully submitted,

**FUNK RIEMANN LLP**

By:   /s/ *Andrew W. Funk*
       Andrew Funk, KS Bar # 78181
       andrew@frlawkc.com
      1600 Genessee St., Suite 860
      Kansas City, MO 64102
      Tel:    (816) 945-6544
      Fax:    (816) 895-6351

**THE MOORE LAW FIRM LLC**

Adam R. Moore, MO Bar # 52395 (*D. Kan. application pending*)
1600 Genessee St., Suite 853
Kansas City, MO 64102
adam@moorelawkc.com
Tel:   (816) 668-6911
Fax:   (816) 817-1259

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiff's Response to Defendants' First Set of Interrogatories to Plaintiff was served via email on November 23, 2019, to the following:

Alan L. Rupe
Karly Weigel
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Avenue, Suite 700
Kansas City, MO 64112
Telephone: (816) 299-4250
Facsimile: (816) 299-4245
alan.rupe@lewisbrisbois.com
karly.weigel@lewisbrisbois.com

/s/ Andrew W. Funk
Counsel for Plaintiff