# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DR. MAHMOUD ABOUELENEIN,

    Plaintiff,

v.

KANSAS CITY KANSAS COMMUNITY COLLEGE, THE BOARD OF TRUSTEES OF KANSAS CITY KANSAS COMMUNITY COLLEGE, AND DR. JACQUELINE VIETTI,

    Defendants.

Case No.: 2:18-CV-02670-DDC-JPO

**DEFENDANTS KANSAS CITY KANSAS COMMUNITY COLLEGE AND THE BOARD OF TRUSTEES OF KANSAS CITY KANSAS COMMUNITY COLLEGE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES**

COMES NOW Defendants Kansas City Kansas Community College and The Board of Trustees of Kansas City Kansas Community College (hereinafter, "Defendants"), by the undersigned counsel, and provide their Objections and Responses to Plaintiff's First Interrogatories, and states as follows:

**DEFINITIONS**

**1.**    Plaintiff refers to Dr. Mahmoud Abouelenein.

**2.**    "KCKCC" refers to Kansas City Kansas Community College. "The Board" refers to the Board of Trustees of Kansas City Kansas Community College. "Dr. Vietti" refers to Dr. Jacqueline Vietti. "Defendants" refers to Kansas City Kansas Community College, the Board of Trustees of Kansas City Kansas Community College and Dr. Jacqueline Vietti, including their employees and agents in their official and individual capacities. For example, interrogatories which mention "Defendants'" employees are referring to employees of KCKCC, the Board, and Dr. Vietti as well as individuals who are employed by both KCKCC and the Board. As another

1

example, interrogatories which refer to records of "Defendants" or actions taken by "Defendants" refers not only to records of any Defendant and actions taken by any defendant, but also records and actions of all Defendants.

**Response: Defendants object to Plaintiff's Definition of "Defendants" including unnamed, unlisted, and unspecified "employees" as vague, overly broad, and unduly burdensome, as it requests information from an unlimited amount of individuals and is not limited in time and scope.**

**Defendants additionally object that the interrogatory requests, include discrete subparts, are in excess of the thirty (30) interrogatory requested permitted per party as contained in the parties' Scheduling Order.**

## PRELIMINARY STATEMENTS

1. The following responses and objections are based upon information presently available to Defendants, which Defendants believe to be correct. These responses are made without prejudice to Defendants' rights to utilize subsequently discovered facts and documents.
2. The fact that Defendants have provided the information below is not an admission that they accept or admit the relevance or admissibility of this information at trial.
3. Responses to these requests may be supplemented upon Defendants' further analysis, investigation, and acquisition of information.
4. Any statement that non-privileged, responsive documents will be produced should not be construed as an admission that any responsive documents exist.

These preliminary statements are incorporated into each of the responses set forth below.

## INTERROGATORIES

1. Why was Dr. Mahmoud Abouelenein terminated?

**RESPONSE: In accordance with the April 3, 2018 resolution provided to Plaintiff, Plaintiff was terminated for: "1) failure or refusal to comply with or violation of any policies, rules, regulations or laws applicable to the College; and 2) other personal conduct that is detrimental to the interests of the College."  Plaintiff was offered the opportunity meet in-person with The Board of Trustees of Kansas City Community College during a closed, executive session (with his counsel present) to receive information about the reasons for the Board's intention to terminate his employment and afford him with an opportunity to respond, but Plaintiff declined the meeting invitation.  Plaintiff's termination was formalized in an open, formal vote in open session.**

2

2. Identify each employee, agent, representative or contractor of Defendants who had any role in supervising Plaintiff during his tenure with Defendants.

**RESPONSE: Objection.  This interrogatory is unduly burdensome and vague as to "agent, representative, or contractor."  Further objecting, this interrogatory is not limited in time or scope and does not define "supervising," as this interrogatory requests the identity of individuals who may not be employed by Defendants.  As limited by the foregoing objections and the General Objections set forth above, Defendants provide their response to the time period of Plaintiff's last position. Defendants identify Dr. Doris Givens, Dr. Jacqueline Vietti, Dr. Edward Kremer, and The Board of Trustees of Kansas City Kansas Community College.**

3. Identify each employee, agent, representative or contractor of Defendants who had any role or provided input in the decision to terminate Plaintiff's employment with Defendants, any role or input in the decisions to change Plaintiff's work responsibilities, wages or benefits during his employment or any role or provided input related to the decision regarding what payments to make to Plaintiff following his termination.

**RESPONSE: Objection.  This interrogatory is unduly burdensome and vague as to "agent, representative, or contractor" and requests Defendants provide names for unspecified individuals.  Further objecting, this interrogatory is not limited in time or scope.  This interrogatory is not limited to one (1) interrogatory request (with related, applicable subparts) in violation of the Federal Rules of Civil Procedure Rule 33, in that the interrogatory asks four (4) questions (i.e. termination, Plaintiff's work responsibilities, wages and benefits, and payments after Plaintiff's termination). Defendants object to the extent that this interrogatory requests information that is protected by the attorney-client privilege and work-product doctrine.  As limited by the foregoing objections and the General Objections set forth above, The Board of Kansas City Kansas Community College made the decision to terminate Plaintiff's employment.  The terms and conditions of Plaintiff's employment to include his compensation and duties were determined by the Board of Trustees upon recommendation of the President.  Plaintiff's work responsibilities were changed and modified as contained in the documentation previously produced and in accordance with Federal Rules of Civil Procedure Rule 33, A0084R-A00238R, A00194-A00200.**

4. Identify any persons that Defendants believe has knowledge of the facts concerning Plaintiffs' claims.

3

**RESPONSE: Objection.  This interrogatory is unduly burdensome and vague as to "facts concerning Plaintiff's claims" and requests Defendants provide names for unspecified individuals.  Further objecting, this interrogatory is not limited in time or scope.  This interrogatory also calls for information protected by the attorney-client privilege and work product doctrine.  As limited by the foregoing objections and the General Objections set forth above, The Board of Trustees of Kansas City Kansas Community College and its applicable members; the Clerk of The Board of Trustees of Kansas City Kansas Community College; Greg Goheen; counsel for Plaintiff, including Adam Moore; Dr. Jacqueline Vietti; Alfonzo Zarate; Luke Sobba.**

5. State whether Plaintiff was ever disciplined, warned, written-up, suspended, or placed on an action plan. If the answer is in the affirmative, identify by name, last known address and phone number, position of employment, each person involved in issuing the discipline, warning, write-up, suspension, or action plan, the date for each such action, and the reason for each such action.

**RESPONSE**: **Objection.  This interrogatory is unduly burdensome and not limited in time or scope.  As limited by the foregoing objections and the General Objections set forth above, Plaintiff was involved in anger management program arising or related to discipline or warning.  Defendants have been unable to locate documents related to that incident Plaintiff received verbal counsel and/or reprimands during his employment.**

6. Identify and describe with particularity all facts relating to any alleged performance problems or deficiencies, failure or refusal to comply with or violations of any policies, rules, regulations, or laws applicable to the College, or other personal conduct that is detrimental to the interests of the College by Plaintiff during his employment with Defendants.

**RESPONSE: Objection.  This interrogatory is unduly burdensome and not limited in time or scope and requests information protected by the work-product doctrine.  As limited by the foregoing objections and the General Objections set forth above, in accordance with the April 3, 2018 resolution provided to Plaintiff, Plaintiff was terminated for: "1) failure or refusal to comply with or violation of any policies, rules, regulations or laws applicable to the College; and 2) other personal conduct that is detrimental to the interests of the College."  Plaintiff was offered the opportunity to meet in-person with the The Board of Trustees of Kansas City Community College during a closed, executive session (with his counsel present) to receive information about the reasons for the Board's intention to terminate his employment and afford him with an opportunity to respond, but Plaintiff declined the meeting invitation.  Plaintiff's termination was formalized in an open, formal vote in open session.  Any information discussed in the closed, executive session is protected**

4

by K.S.A. 2018 Supp. 75-4319 and the attorney-client privilege.

7. State the job titles for any position(s) held by Dr. Mahmoud Abouelenein, Dr. Jacqueline Vietti, Greg Goheen, Deryl Wynn, Dr. Michael Vitale, Abbie Dillard, Dr. Susan Lindahl, Dr. Doris Givens, Don Ash, Dr. Edward Kremer, Christina McGee, Michael Beach, Robert Layton, Stephen Terry, Kimberly Rudler, Alfonzo Zarate, Brian Bode, Cliff Smith, Dr. Charles Wilson, Lacy Ward, Leota Marks, Dr. Greg Mosier, and John "JD" Rios, incuding the dates during which they held those positions.

**RESPONSE:**

| Name | Start | End | Title |
|---|---|---|---|
| Abigail Dillard | 12/10/2014 | 8/31/2015 | Interim Director of Human Resources |
| Abigail Dillard | 9/1/2015 | 06//21/16 | Chief Human Resources Officer |
| Alfonso Zarate | 5/1/2015 | 6/30/2016 | Supervisor of Human Resources |
| Alfonso Zarate | 7/1/2016 | 9/15/2017 | Compliance Officer |
| Christina McGee | 11/27/2017 | Present | Chief Human Resources Officer |
| Deryl Wynn | 3/2/2015 | 1/31/2016 | Compliance Officer/ Attorney |
| Kimberly Rudler | 7/1/2016 | 7/3/2017 | Director of Organizational Development & Human Resources |
| Kimberly Rudler | 10/20/2015 | 6/30/2016 | Human Resources Generalist |
| Brian Bode | 4/3/2006 | 6/30/2010 | Dean of Finance & Admin. Services |
| Brian Bode | 7/1/2010 | 8/31/2014 | Vice President for Student & Administrative Services |
| Brian Bode | 9/1/2014 | 2/28/2015 | Chief Operations Officer |
| Leota Marks | 8/24/2000 | 1/31/2014 | Dean/ HR & Affirmative Action |
| Leota Marks | 2/1/2014 | 12/31/2016 | Dean of Technical Education |
| Michael Beach | 1/29/2018 | Present | Chief Financial Officer |
| Susan Lindahl | 11/3/2014 | 8/31/2017 | Chief Financial Officer |
| Jacqueline Vietti | 7/18/2017 | 6/15/2018 | Acting President |
| Michael Vitale | 7/8/2013 | 9/30/2016 | Vice President for Academic Affairs |
| Susan Lindahl | 11/3/2014 | 8/31/2017 | Chief Financial Officer |
| Doris Givens | 8/8/2011 | 1/15/2018 | President |
| Edward Kremer | 8/9/1999 | 6/30/2010 | Prof/ Coordinator Chemistry, Biology |
| Edward Kremer | 7/1/2010 | 9/19/2017 | Dean/ Math & Science |
| Edward Kremer | Will supplement | Will supplement | Acting President |
| Edward Kremer | 9/20/2017 | 1/30/2019 | Interim Vice President of Academic Affairs |
| Edward Kremer | 1/11/2016 | Present | Adjunct- Chemistry |
| Edward Kremer | 1/31/2019 | Present | Dean/ Math & Science |
| Edward Kremer | 8/19/2019 | Present | Adjunct- Biology |
| Robert Layton | 8/25/2014 | 8/21/2016 | Interim Chief Financial Officer |
| Robert Layton | 8/22/2016 | 10/31/2017 | Risk Manager |
| Stephen Terry | 7/18/2016 | 9/19/2017 | Associate Dean of Enrollment Mngmt |
| Stephen Terry | 1/19/2017 | Present | Adjunct- Speech |

5

| | | | |
|---|---|---|---|
| Stephen Terry | 9/20/2017 | Present | Dean of Enrollment Management |
| Stephen Terry | 1/22/2019 | Present | Adjunct- Business |
| Cliff Smith | 7/1/2008 | 6/30/2011 | Director of Technical Programs |
| Cliff Smith | 7/1/2011 | 1/31/2014 | Dean of Technical Education |
| Cliff Smith | 2/1/2014 | 8/13/2018 | Dean of Tec Operations |
| Cliff Smith | 8/14/2018 | 2/5/2019 | Dean of Tec Operations |
| Charles Wilson | 8/17/1992 | 7/23/2019 | Dean Social Science |
| Lacy Ward | 4/13/2016 | 8/12/2016 | Executive Director of Marketing & Community Outreach |
| Greg Mosier | 6/11/2018 | Present | President |

8. State the names of the individuals with primary or supervisory responsibility for the Human Resources, Compliance, Financial, Payroll/Payroll Deductions and budgeting functions of KCKCC from 2014 to the present.

**RESPONSE: Objection. This interrogatory is unduly burdensome and vague as to "primary or supervisory responsibility" as it does not define the specific information sought. The interrogatory seeks information seeks information after the date of Plaintiff's termination (April 2018) that is not reasonably calculated to lead to discoverable information. As limited by the foregoing objections and the General Objections set forth above:**

**Human Resources: Christina McGee; Kimberly Rudler; Abigail Dillard; Leota Marks; Cheryl Coleman; Alfonso Zarate**
**Compliance: Alfonso Zarate; Deryl Wynn**
**Finance: Michael Beach; Susan Lindahl; Robert Layton; David Root; Doug Welch; Rose Marie Branstetter**
**Payroll: Sharon Hare; Robin Mosley**
**Budget: The budget is set and approved by the Board in accordance with statute at a public meeting, The College President, the Board, and the Board Committees have a supervisory role.**

**The Board has ultimate authority over decisions pertaining to human resources, compliance, finance, payroll, and budgeting.**

9. State Plaintiff's job title/position, compensation and benefits from 2005 to the present.

**RESPONSE: In accordance with Federal Rules of Civil Procedure Rule 33, Defendants previously produced A0084R-A00138R; A00194R-A00200; A00201-A00209; A00210R-A00340R; A00341R-A00439R; A00440R-A00443R; A0044R-A00464R; A00465R-A00466R.**

6

10. Identify all persons employed by Defendants who have been responsible for conducting any investigations regarding complaints of employment discrimination from 2010 to the present.

**RESPONSE: Objection.  This interrogatory is unduly burdensome and vague as to "all persons" and "complaints" as it does not specify the name, type, label, agency, or investigative body and information sought.  The interrogatory is not limited in time or scope and requests identification of "all" persons without limitation or specification.** *See Blair v. TransAm Trucking, Inc.***, No. 09-2443-EFM-KGG, 2017 WL 402163, at \*4 (D. Kan. Jan. 30, 2017).  The interrogatory seeks information for a period of time for more than ten (10) years and seeks information after the date of Plaintiff's termination (April 2018) that is not reasonably calculated to lead to discoverable information.  This request further seeks information protected by the attorney-client privilege and work-product doctrine.  This request is also not proportional in that discovery should be limited to discovery of other complaints of a similar nature.** *Nelson v. Telecable of Overland Park, Inc.***, 95-2007-GTV, 1996, WL111250 (D. Kan., February 29, 1996)("[c]omplaints of other types of discrimination appear irrelevant to her case" and discovery was limited to complaints of race discrimination);** *Jackson v. Montgomery Ward & C.,* **173 F.R.D. 524, 528 (D.Nev.1997)(limiting discovery to same types of discrimination alleged by plaintiff);** *Gheesling v. Chater***, 162 F.R.D. 649, 651 (D.Kan.1995) (same).**

11. Identify all training provided to Defendant's employees regarding the prevention of employment discrimination/harassment and/or retaliation, and complaint procedures, including the date and place of each session, each person who conducted each training session, the persons who attended and state whether attendance was mandatory.

**RESPONSE: Objection.  This interrogatory is unduly burdensome and vague as to "Defendant's employees" as it does not specify the name, type, or label of information sought.  The interrogatory is not limited in time or scope and requests identification of "all" training without limitation or specification.** *See Blair v. TransAm Trucking, Inc.***, No. 09-2443-EFM-KGG, 2017 WL 402163, at \*4 (D. Kan. Jan. 30, 2017).  This interrogatory is not limited to one (1) interrogatory request (with related, applicable subparts) in violation of the Federal Rules of Civil Procedure Rule 33, in that the interrogatory asks questions (5) questions (i.e. training, complaint procedures, date and place of each session, instructor and attendee attendance, and whether or not the training was mandatory). As limited by the foregoing objections and the General Objections set forth above, all employees were required to attend yearly Title IX and Clery Act training.**

12. Identify all statements obtained by or on behalf of Defendants in connection with the above captioned matter, including statements related to the underlying facts of this lawsuit,

7

and/or to any of your defenses to this lawsuit, and/or to plaintiff's employment or the elimination of such employment.  In so identifying, state the name of the individual from whom the statement was obtained, the name of the person taking the statement and the general content of the statement.

**RESPONSE: Objection.  This interrogatory is not limited in time or scope.  Defendants object that this interrogatory requests information that is protected by the attorney-client privilege and work-product doctrine.  This interrogatory requests identification of information that was made in anticipation of litigation and at the direction or assistance of legal counsel.**

13. Have Defendants, or anyone on their behalf, interviewed anyone concerning the termination of Dr. Mahmoud Abouelenein?  If so, please state each person's name, address and telephone number, the date(s) of the interview(s) and the name, address and telephone number(s) of the person(s) who conducted the interview(s).

**RESPONSE: Objection.  This interrogatory is not limited in time or scope.  Defendants object that this interrogatory requests information that is protected by the attorney-client privilege and work-product doctrine.  This interrogatory requests identification of information that was made in anticipation of litigation and at the direction or assistance of legal counsel.**

14. Please identify each current or former employee, agent, representative or contractor of Defendants who has been involved in the preparation of the responses to these interrogatories, identifying the specific interrogatories with which each person was involved.

**RESPONSE: Objection.  Defendants object to this Interrogatory to the extent it calls for information protected by the attorney/client privilege and the work-product doctrine.  Defendants also object to this Interrogatory to the extent it makes a request beyond the scope of what is required under K.S.A. 60-233(b)(1)(B) which provides that interrogatories directed at a governmental entity, shall be answered by an officer or agent."  As limited by the foregoing objections and the General Objections set forth above, the responses were prepared with assistance of counsel.**

15. Identify any claims against Defendants for religious discrimination, national origin discrimination or race discrimination since 2010.

8

**RESPONSE: Objection.** This interrogatory is unduly burdensome and vague as to "claims" as it does not specify the name, type, or label of information sought. Further objecting, this interrogatory does not specify the type of "claim" sought as either informal, formal, internal, or other investigating body or entity. The interrogatory seeks information for a period of time for more than ten (10) years and seeks information after the date of Plaintiff's termination (April 2018) that is not reasonably calculated to lead to discoverable information. This interrogatory is not limited in scope and requests identification of "any claims" without limitation or specification. *See Blair v. TransAm Trucking, Inc.*, No. 09-2443-EFM-KGG, 2017 WL 402163, at *4 (D. Kan. Jan. 30, 2017). This request is also not proportional in that discovery should be limited to discovery of other complaints of a similar nature. *Nelson v. Telecable of Overland Park, Inc.*, 95-2007-GTV, 1996, WL111250 (D. Kan., February 29, 1996)("[c]omplaints of other types of discrimination appear irrelevant to her case" and discovery was limited to complaints of race discrimination); *Jackson v. Montgomery Ward & C.*, 173 F.R.D. 524, 528 (D.Nev.1997)(limiting discovery to same types of discrimination alleged by plaintiff); *Gheesling v. Chater*, 162 F.R.D. 649, 651 (D.Kan.1995) (same).

16. Identify any of Defendants' employees whom Defendants terminated from 2010 to the present, and for each identify their religion and national origin at the time of their termination.

**RESPONSE: Objection.** This interrogatory is unduly burdensome in that it seeks information about religion or national origin that is not contained in an accessible location or normally maintained in Defendants' university role and if therefore not proportional. This interrogatory seeks information for a period of time for more than ten (10) years and seeks information after the date of Plaintiff's termination (April 2018) that is not reasonably calculated to lead to discoverable information. This interrogatory is not limited in scope and requests identification of "any of Defendants' employees" without limitation or specification as to the types or label of information sought. *See Blair v. TransAm Trucking, Inc.*, No. 09-2443-EFM-KGG, 2017 WL 402163, at *4 (D. Kan. Jan. 30, 2017).

17. Identify all of Defendants' employees who were terminated, separated, or who retired or resigned from their employment from 2010 to the present and, for each, identify their title/position, the duration of their employment, how their employment ended (terminated, separated, retired, resigned, or other), their religion and national origin and whether they received any monetary compensation for their accrued vacation time and leave time.

**RESPONSE: Objection.** This interrogatory is unduly burdensome in that it seeks information about an unlimited and specified amount of employees. This interrogatory is not proportional and not reasonably calculated to lead to admissible evidence. This

9

**interrogatory seeks information for a period of time for more than ten (10) years and seeks information after the date of Plaintiff's termination (April 2018) that is not reasonably calculated to lead to discoverable information. This interrogatory is not limited in scope and requests identification of "all of Defendants' employees" without limitation or specification as to the types or label of information sought.** *See Blair v. TransAm Trucking, Inc.*, **No. 09-2443-EFM-KGG, 2017 WL 402163, at *4 (D. Kan. Jan. 30, 2017).**

18. Identify all current or former employees of Defendants who signed or entered into employment contracts that were signed by Dr. Doris Givens in 2016, the terms of those employment contracts including wages and benefits, the procedure for approval of those contracts, the entities/individuals responsible for approval of those contracts, when each of the Defendants became aware of those contracts, when each of the Defendants had notice of the compensation and benefits to be paid under those contracts, whether those employees received the wages and benefits contained in those contracts, whether those employees received payment for severance, vacation and leave time at the end of their employment at KCKCC and state whether any request for repayment or action has been taken against those employees related to payments made pursuant to those contracts.

**RESPONSE: Objection. This interrogatory is unduly burdensome and vague as to "all current or former employees of Defendant" and requests Defendants provide names for unspecified individuals. Further objecting, this interrogatory is not limited in time or scope. This interrogatory is not proportional and not reasonably calculated to lead to admissible evidence. This interrogatory is not limited to one (1) interrogatory request (with related, applicable subparts) in violation of the Federal Rules of Civil Procedure Rule 33, in that the interrogatory asks six (6) questions (i.e. employee identification, terms of the contracts including wages and benefits, procedure for approval, when each of the Defendants had notice of the compensation and benefits paid under the contracts, whether various payments or benefits were paid at the conclusion of the employment, and whether repayment was requested from each employee). As limited by the foregoing objections and the General Objections set forth above, any employment contract signed by Dr. Givens in 2016 was required to be approved by The Board of Trustees of Kansas City Kansas Community College ("Board"). Defendants would have become aware of the contracts and received notification of compensation and benefits paid under the contracts when the contracts were approved by the Board. The employees received wages and benefits under the contracts approved by the Board, were paid for any severance, vacation and leave time under the approved contracts, and no repayment or action would be taken under the approved contracts.**

10

19. Identify, including by name, title/position, religion, and national origin, all of Defendants' employees disciplined in any manner for failure or refusal to comply with or violations of any policies, rules, regulations, or laws applicable to the College, or other personal conduct that is detrimental to the interests of the College since 2010 and describe the conduct that was deemed to be a violation or detrimental to the interests of the College.

**RESPONSE: Objection.  This interrogatory is unduly burdensome in that it seeks information about an unlimited and specified amount of employees.  This interrogatory seeks information for a period of time for more than ten (10) years and seeks information after the date of Plaintiff's termination (April 2018) that is not reasonably calculated to lead to discoverable information.  This interrogatory requires Defendants to provide a narrative responses to "conduct that was deemed to be a violation or detrimental to the interests of the College."  This interrogatory is not limited in scope and requests identification of "all of Defendants' employees" without limitation or specification as to the types or label of information sought.  *See Blair v. TransAm Trucking, Inc.*, No. 09-2443-EFM-KGG, 2017 WL 402163, at \*4 (D. Kan. Jan. 30, 2017).**

20. Identify all complaints received or conduct regarding any alleged failure or refusal to comply with or violations of any policies, rules, regulations, or laws applicable to the College, or other personal conduct that is detrimental to the interests of the College by Plaintiff. For each, identify the date of the complaint, all individuals who made the complaints, the method in which any Defendants became aware of the complaint or conduct, whether any Defendant had any knowledge of the alleged facts related to the complaint or conduct prior to receiving the complaint, whether Defendants encouraged or solicited the complaint from the individual who made the complaint, all facts surrounding the investigation of the complaint or conduct, the identity of all individuals who investigated the complaint or conduct and all actions that were taken as a result of the complaint or conduct.

**RESPONSE: Objection.  This interrogatory is unduly burdensome in that it seeks information about an unlimited and specified amount of complaints.  This interrogatory seeks information for an unspecified amount of time and may seek information after the date of Plaintiff's termination (April 2018) that is not reasonably calculated to lead to**

11

**discoverable information.  This interrogatory requires Defendants to provide a narrative response.  This interrogatory is not limited in scope and requests identification of "all complaints" without limitation or specification as to the types or label of information sought.**  *See Blair v. TransAm Trucking, Inc.*, **No. 09-2443-EFM-KGG, 2017 WL 402163, at \*4 (D. Kan. Jan. 30, 2017).  Defendants are aware of an anonymous complaint and a complaint by Stephen Terry.**

21. State the date on which Plaintiff was notified by any of the Defendants that his insurance premiums would no longer be paid by the College, the pay periods in 2018 for which deductions for Plaintiff's insurance premiums were made to Plaintiff's paychecks and whether Plaintiff provided a signed authorization directing Defendants to deduct from his earned wages for payment of insurance premiums in 2018?  If so, identify the date of such authorization, the identity of all persons to whom such authorization was provided, the type of deduction authorized and the amount of deductions.  If not, identify all individuals involved in or who had input into the decision to deduct wages and the act of deducting wages from Plaintiff's pay checks in 2018 for payment of insurance premiums.

**RESPONSE: Plaintiff was notified on March 30, 2018 that his insurance premiums would no longer be paid by the College.  Payment of insurance premiums was in violation of the applicable law(s), and contained in an agreement between Dr. Doris Givens and Plaintiff that was never approved by The Board of Trustees of Kansas City Kansas Community College.  Defendants did not deduct any amount from Plaintiff's "earned wages," as these payments are not classified as such.  Plaintiff enrolled in and selected the health insurance.**

22. State all material facts and identify all documents supporting Defendants' allegation in paragraph 12 of the Defenses and Affirmative Defenses section of Defendants' Answer that, "Plaintiff committed fraud by accepting wages and benefits he knew were above and beyond the compensation permissible by law and the compensation approved by the Board of Trustees for Kansas City Kansas Community College and by falsely representing that the contract for employment was approved by the Board of Trustees for Kansas City Kansas Community College."

**RESPONSE: Objection.  This interrogatory improperly seeks "all material facts" and "all**

**documents" without limitation to time, scope, or identification of documents sought.** *See Blair v. TransAm Trucking, Inc.*, **No. 09-2443-EFM-KGG, 2017 WL 402163, at \*4 (D. Kan. Jan. 30, 2017). As limited by the foregoing objections and the General Objections set forth above, Defendants material facts are contained in its affirmative defenses. Plaintiff was aware that his purported employment contract was only purportedly signed by Dr. Doris Givens and was not approved by The Board of Trustees of Kansas City Kansas Community College. Defendants possess the Board meeting minutes for the relevant time period of this lawsuit. The minutes do not contain an entry regarding the approval of Plaintiff's purported employment contract. Contained in the purported employment contract was payment for both Plaintiff and his family's insurance premiums. Those payments were never approved by The Board of Trustees of Kansas City Kansas Community College and are not permitted by applicable law(s).**

23. State all material facts and identify all documents supporting Defendants' allegation in paragraph 11 of the Defenses and Affirmative Defenses section of Defendants' Answer that, "KCKCC had legitimate, non-discriminatory/non-retaliatory reasons for its business decisions, and would have made the same employment decisions regardless of any impermissible considerations, the existence of which Defendants deny."

**RESPONSE: Objection. This interrogatory improperly seeks "all material facts" and "all documents" without limitation to time, scope, or identification of documents sought.** *See Blair v. TransAm Trucking, Inc.*, **No. 09-2443-EFM-KGG, 2017 WL 402163, at \*4 (D. Kan. Jan. 30, 2017). As limited by the foregoing objections and the General Objections set forth above, in accordance with the April 3, 2018 resolution provided to Plaintiff, Plaintiff was terminated for: "1) failure or refusal to comply with or violation of any policies, rules, regulations or laws applicable to the College; and 2) other personal conduct that is detrimental to the interests of the College." Plaintiff was offered the opportunity to meet in-person with the Defendants during a closed, executive session (with his counsel present) to receive information about the reasons for the Board's intention to terminate his employment and afford him with an opportunity to respond, but Plaintiff declined the meeting invitation. Plaintiff's termination was formalized in an open, formal vote in open session. (***See*** **A00608-610).**

24. Provide all details regarding the Special Meeting of the Board of Trustees that was held on April 3, 2018, including why a Special Meeting was called, when the decision to hold the Special Meeting was made, who was consulted regarding the decision to hold the Special Meeting, which individuals decided or had input into the decision to hold the Special Meeting, was a vote of the Board of Trustees made to hold the Special Meeting, when and how

the Special Meeting was announced, who attended the Special Meeting, what information was provided to the Board at the Special Meeting, and what actions were taken by the Board at the Special Meeting.

**RESPONSE: Objection. This interrogatory improperly seeks "all details" without limitation to time, scope, or identification of documents sought.** *See Blair v. TransAm Trucking, Inc.*, **No. 09-2443-EFM-KGG, 2017 WL 402163, at \*4 (D. Kan. Jan. 30, 2017). This interrogatory requests information protected by the attorney-client privilege and work-product doctrine to the extent that information sought was discussed or distributed during the closed executive session.** *See* **K.S.A. 2018 Supp. 75-4319. As limited by the foregoing objections and the General Objections set forth above, Defendants produce the Notice of the Special Meeting and The Board of Trustees of Kansas City Kansas Community College minutes. The Board of Trustees of Kansas City Kansas Community College attended the Special Meeting and a public vote was taken at the conclusion of the Special Meeting.**

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
Karly D. Weigel, KS #78719
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Avenue, Suite 700
Kansas City, MO 64112
Telephone: (816) 299-4250
Facsimile:  (816) 299-4245
alan.rupe@lewisbrisbois.com
karly.weigel@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, a copy of the above Defendants Kansas City Kansas Community College and The Board of Trustees of Kansas City Kansas Community College's Objections and Responses to Plaintiff's First Interrogatories was served via e-mail to the following:

**FUNK RIEMANN LLC**
Andrew Funk
andrew@frlawkc.com

*Attorney for Plaintiff*

14

/s/ Alan L. Rupe
Alan L. Rupe