**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DR. MAHMOUD ABOUELENEIN,

        Plaintiff,

v.

KANSAS CITY KANSAS COMMUNITY
COLLEGE, THE BOARD OF TRUSTEES OF
KANSAS CITY KANSAS COMMUNITY
COLLEGE, AND DR. JACQUELINE VIETTI,

        Defendants.

Case No.: 2:18-CV-02670-DDC-JPO

**DEFENDANTS KANSAS CITY KANSAS COMMUNITY COLLEGE
AND THE BOARD OF TRUSTEES OF KANSAS CITY KANSAS
COMMUNITY COLLEGE RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendants Kansas City Kansas Community College and The Board of Trustees of Kansas City Kansas Community College (hereinafter, "Defendants"), by the undersigned counsel, and provide their Objections and Responses to Plaintiff's First Requests for Production of Documents, and states as follows:

**DEFINITIONS**

1.  Plaintiff refers to Dr. Mahmoud Abouelenein.

2.  "KCKCC" refers to Kansas City Kansas Community College.  "The Board" refers to the Board of Trustees of Kansas City Kansas Community College.  "Dr. Vietti" refers to Dr. Jacqueline Vietti.  "Defendants" refers to Kansas City Kansas Community College, the Board of Trustees of Kansas City Kansas Community College and Dr. Jacqueline Vietti, including their employees and agents in their official and individual capacities.  For example, interrogatories which mention "Defendants'" employees are referring to employees of KCKCC, the Board, and

Exhibit 4

Dr. Vietti as well as individuals who are employed by both KCKCC and the Board. As another

example, interrogatories which refer to records of "Defendants" or actions taken by

"Defendants" refers not only to records of any Defendant and actions taken by any defendant,

but also records and actions of all Defendants.

**Response: Defendants object to Plaintiff's Definition of "Defendants" including unnamed, unlisted, and unspecified "employees" as vague, overly broad, and unduly burdensome, as it requests information from an unlimited amount of individuals and is not limited in time and scope.**

## PRELIMINARY STATEMENTS

**1.      The following responses and objections are based upon information presently available to Defendants, which Defendants believe to be correct.  These responses are made without prejudice to Defendants' rights to utilize subsequently discovered facts and documents.**

**2.      The fact that Defendants have provided the information below is not an admission that they accept or admit the relevance or admissibility of this information at trial.**

**3.       Responses to these requests may be supplemented upon Defendants' further analysis, investigation, and acquisition of information.**

**4.      Any statement that non-privileged, responsive documents will be produced should not be construed as an admission that any responsive documents exist.**

**These preliminary statements are incorporated into each of the responses set forth below.**

## REQUESTS FOR PRODUCTION

1.      All communications concerning the factual allegations or claims at issue in this

lawsuit among or between:

a.      Plaintiff and Defendants;

b.      Plaintiff's managers, co-workers, supervisors, and/or Defendants' legal and/or

human resources representatives.

**RESPONSE: Objection.  Defendants object to this request in that it seeks information from an unspecified "Defendants" as contained in Plaintiff's Definition section.  This request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "communication."  This request also seeks information protected by the attorney-client privilege and work-product doctrine and is not limited in time or scope. As limited by the foregoing objections and the General Objections set forth above,**

**Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence. Defendants have previously identified e-mail custodians and Plaintiff provided proposed search terms.**

2.      Documents concerning the termination of Plaintiff.

**RESPONSE: Objection. Defendants object to this request in that it seeks information protected by the attorney-client privilege and/or work-product doctrine. This request is not limited in time or scope. This request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents." As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced the Board's resolution pertaining to Plaintiff's termination.**

3.      Plaintiff's personnel file, in any form, maintained by Defendants, including files concerning Plaintiff maintained by his supervisors, managers, or Defendants' human resources representatives, documents concerning the terms and conditions of his employment with Defendants, all documents concerning hiring, promotions, transfers, requests for promotions or transfers, performance evaluations and/or job performance, training, policies and procedures, job titles, job rank, assignments, duties and responsibilities and compensation/benefits (including but not limited to employment contracts, wages, bonuses, vacation pay, paid or unpaid leave, pension, insurance or other benefits) irrespective of the relevant time period.

**RESPONSE: Objection. Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents." This request is not limited in time and scope evidenced by the use of "irrespective of the relevant time period" in violation of the applicable Federal Rules of Civil Procedure. As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file. Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

4.      Plaintiff's performance evaluations and formal discipline, if any.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and scope. As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file. Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

5.     Documents which support Defendants' stated reason(s) for Plaintiff's termination.

**RESPONSE: Objection.  Defendants object to this request in that it seeks information protected by the attorney-client privilege and/or work-product doctrine.  This request is not limited in time or scope.  This request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents."  As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced the Board's resolution pertaining to Plaintiff's termination which outlines the stated reasons for Plaintiff's termination.**

6.     Job descriptions and/or a list of required qualifications for any position held by Plaintiff.

**RESPONSE: Defendants previously produced Plaintiff's pay stubs and additional documents that contain his job titles and descriptions.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

7.     Job descriptions and/or a list of required qualifications for any position held by Dr. Mahmoud Abouelenein, Dr. Jacqueline Vietti, Greg Goheen, Deryl Wynn, Dr. Michael Vitale, Abbie Dillard, Dr. Susan Lindahl, Dr. Doris Givens, Don Ash, Dr. Edward Kremer, Christina McGee, Michael Beach, Robert Layton, Stephen Terry, Kimberly Rudler, Alfonzo Zarate, Brian Bode, Cliff Smith, Dr. Charles Wilson, Lacy Ward, Leota Marks, Dr. Greg Mosier, and John "JD" Rios.

**RESPONSE: Defendants are in possession of the documents for Doris Givens, Michael Vitale, Edward Kremer (not all documents), Christina McGee, Michael Beach, Stephen Terry, Kimberly Rudler (not all documents), Alfonzo Zarate, Lacy Ward, and Dr. Greg Mosier.  Defendants will produce the above listed documents in its possession on or before January 10, 2020.**

8.     Documents showing Plaintiff's compensation and benefits during and after his employment with Defendants, including pay stubs, documents reflecting compensation and benefits including leave time calculations, and budgetary documents reflecting Plaintiff's compensation and benefits.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and**

scope and does not define "documents" with specificity and requests information protected by the work-product doctrine. As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file. Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.

9.    JD Rios's performance evaluations and all documents concerning formal/informal

discipline and decisions regarding discipline of JD Rios related to plagiarism during his

commencement speech in 2017.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the work-product doctrine. As limited by the foregoing objections and the General Objections set forth above, as a Board member, JD Rios did not have performance evaluations or formal/informal discipline.**

10.    All documents related to Brian Bode's performance evaluations, formal discipline

and all documents regarding termination, separation and/or departure from employment at

KCKCC including records related to severance pay and payment of leave time.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine. Further objecting, the documents sought pertain to protected information related to a non-party. The documents requested relate to and mention confidential, personal information. This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

11.    All documents related to Michael Vitale's performance evaluations, formal

discipline and all documents regarding termination, separation and/or departure from

employment at KCKCC including records related to severance pay and payment of leave time.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine. Further objecting, the documents sought pertain to protected information related to a non-party. The documents requested relate to and mention confidential, personal information. This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

12.     All documents related to Abbie Dillard's performance evaluations, formal discipline and all documents regarding termination, separation and/or departure from employment at KCKCC including records related to severance pay and payment of leave time.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

13.     All documents related to Cliff Smith's performance evaluations, formal discipline and all documents regarding termination, separation and/or departure from employment at KCKCC including records related to severance pay and payment of leave time.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

14.     All documents related to Dr. Charles Wilson's performance evaluations, formal discipline and all documents regarding termination, separation and/or departure from employment at KCKCC including records related to severance pay and payment of leave time.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

15.     All documents related to Lacy Ward's performance evaluations, formal discipline and all documents regarding termination, separation and/or departure from employment at KCKCC including records related to severance pay and payment of leave time.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

16.     All documents related to Deryl Wynn's performance evaluations, formal discipline and all documents regarding termination, separation and/or departure from employment at KCKCC including records related to severance pay and payment of leave time.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

17.     All documents related to Susan Lindahl's performance evaluations, formal discipline and all documents regarding termination, separation and/or departure from employment at KCKCC including records related to severance pay and payment of leave time.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

18.     Records of any other employee disciplined for other personal conduct detrimental to the interests of the College from 2010 to the present.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "records" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.   Further objecting, the proportionality of this request outweighs the likelihood of the request leading to discoverable information.  The documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

19.     Records of any other employee disciplined for failure or refusal to comply with or violation of any policies, rules, regulations, or laws applicable to the College from 2010 to the present.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "records" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.   Further objecting, the proportionality of this request outweighs the likelihood of the request leading to discoverable information.  The documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

20.     Documents concerning investigations of any complaints about Plaintiff or made by Plaintiff.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents." This request is not limited in time and scope and requests information protected by the attorney-client privilege and work-product doctrine. As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

21.     Documents in the possession of Defendants and/or its agents concerning Plaintiff's claims for payment of compensation, benefits, severance and/or leave time.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents." This request is not limited in time and scope and requests information protected by the attorney-client privilege and work-product doctrine. As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's**

personnel file.  **Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

22.     Organizational charts, succession planning charts and/or any roster or list of employees, or other documents concerning the employee reporting structure of or employee hierarchy within Defendants from 2010 to the present.

**RESPONSE: Objection.  Defendants object to this request as it does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents."  This request is not limited in time and scope and requests a chart for an unlimited and unspecified amount of employees employed by Defendants. As limited by the foregoing objections and the General Objections set forth above, Defendants will produce the organizational charts in its possession on or before January 10, 2020.**

23.     All documents, inter-office memos, intra-office memos, reports, chronicles, letters, correspondence, computerized records or writings identified or relied upon in answering Plaintiff's interrogatories to Defendants.

**RESPONSE:  Objection.  Defendants object to this request as it does not reasonably describe the documents sought and is not limited in time and scope.  This request invades the attorney-client privilege and work-product doctrine, and seeks mental impressions of counsel.**

24.     All documents, including inter-office memos, intra-office memos, reports, correspondence, emails or other writings pertaining to Defendants' personnel policies and procedures in place from 2010 to the present.

**RESPONSE: Objection.  Defendants object to this request as it does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents," "personnel polices and procedures" and does not define or limit the type of document sought.  This request is not limited in time and scope and requests policies and procedures for an unlimited and unspecified amount of employees employed by Defendants, and seeks documents and policies after Plaintiff's termination.**

25.     All documents, including inter-office memos, intra-office memos, reports, correspondence, emails or other writings regarding Plaintiff and his employment history or performance while working for Defendants.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents." This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.  As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

26.    All statements obtained by or on behalf of Defendants in connection with the

above-captioned matter.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "statements." This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.**

27.    All documents regarding statements obtained from witnesses or potential

witnesses to the facts and events alleged in this case.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "statements." This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.**

28.    A complete copy of any insurance policy applicable to the claims brought in this

matter.

**RESPONSE: Defendants produce the insurance policy, A14923R-A14951R.**

29.    All documents that mention, concern, discuss or pertain to any claims against

Defendants for employment discrimination from 2010 to the present.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents" and "any claims" as overly broad and vague.  This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.  Further objecting, the proportionality of this request is unduly burdensome in that discovery should be limited to discovery of other complaints of a similar nature. *Nelson v. Telecable of Overland Park, Inc*., 95-2007-GTV, 1996, WL111250 (D. Kan., February 29, 1996)("[c]omplaints of other types of discrimination appear irrelevant to her case" and discovery was limited to complaints of race discrimination); *Jackson v. Montgomery Ward & Co*, 173 F.R.D. 524, 528**

(D.Nev.1997)(limiting discovery to same types of discrimination alleged by plaintiff); *Gheesling v. Chater*, 162 F.R.D. 649, 651 (D.Kan.1995) (same).

30.     Documents concerning any complaints or investigations into complaints of

employment discrimination from 2010 to the present.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents" and "any claims" as overly broad and vague.  This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.  Further objecting, the proportionality of this request is unduly burdensome in that discovery should be limited to discovery of other complaints of a similar nature. *Nelson v. Telecable of Overland Park, Inc*., 95-2007-GTV, 1996, WL111250 (D. Kan., February 29, 1996)("[c]omplaints of other types of discrimination appear irrelevant to her case" and discovery was limited to complaints of race discrimination); *Jackson v. Montgomery Ward & Co*, 173 F.R.D. 524, 528 (D.Nev.1997)(limiting discovery to same types of discrimination alleged by plaintiff); *Gheesling v. Chater*, 162 F.R.D. 649, 651 (D.Kan.1995) (same).**

31.     Any document showing the religion and/or national origin of any of Defendants'

employees whom Defendants terminated from 2010 to the present.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "documents" and "any claims" as overly broad and vague.  This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.  Further objecting, the proportionality of this request is unduly burdensome in that Plaintiff has not described the documents sought pertaining to this request.**

32.     Any document showing the religion and/or national origin of any person whom

Defendant hired to be Chief Information Officer from 2017 to the present.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "any document"  and "any person" as overly broad and vague.  This request is not limited in scope.  Further objecting, the proportionality of this request is unduly burdensome in that Plaintiff has not describe what documents are sought pertaining to this request and seeks information after the date of Plaintiff's termination that is not reasonably calculated to lead to discoverable information.**

33.     Any document related to the qualifications, compensation and benefits of any

person whom Defendants hired to be Chief Information Officer from 2017 to the present.

**RESPONSE: Objection. Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "any document" and "any person" as overly broad and vague. This request is not limited in scope. Further objecting, the proportionality of this request is unduly burdensome in that Plaintiff has not describe what documents are sought pertaining to this request and seeks information after the date of Plaintiff's termination that is not reasonably calculated to lead to discoverable information.**

      34.    Any and all documents which relate to the consideration and/or selection of any

candidates for the position of Chief Information Officer from 2017 to the present.

**RESPONSE: Objection. Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "any document" and "any person" as overly broad and vague. This request is not limited in scope. Further objecting, the proportionality of this request is unduly burdensome in that Plaintiff has not describe what documents are sought pertaining to this request and seeks information after the date of Plaintiff's termination that is not reasonably calculated to lead to discoverable information.**

      35.    Any and all documents provided to any city, state or federal agency, commission,

department or organization which mentions Plaintiff's complaint of discrimination by

Defendants or any of its employees, supervisors, and/or managers.

**RESPONSE: Objection. Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "any document" and "any person" as overly broad and vague. This request is not limited in scope or time. Further objecting, the proportionality of this request is unduly burdensome in that Plaintiff has not describe what documents are sought pertaining to this request and seeks information after the date of Plaintiff's termination that is not reasonably calculated to lead to discoverable information.**

      36.    Any and all exit interview forms, letters of resignation or other documents related

to former employees which mention employment discrimination since 2010.

**RESPONSE: Objection. Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of " other documents" and "former employees" as overly broad and vague. This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine. Further objecting, the proportionality of this request is unduly burdensome in that discovery should be limited to discovery of other complaints of a similar nature.** *Nelson v. Telecable of Overland Park, Inc.***, 95-2007-GTV, 1996, WL111250 (D. Kan., February 29, 1996)("[c]omplaints of other types of discrimination appear irrelevant to her**

case" and discovery was limited to complaints of race discrimination); *Jackson v. Montgomery Ward & Co*, 173 F.R.D. 524, 528 (D.Nev.1997)(limiting discovery to same types of discrimination alleged by plaintiff); *Gheesling v. Chater*, 162 F.R.D. 649, 651 (D.Kan.1995) (same).

37.     All documents Defendants contend support its defenses in this case.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

38.     All documents identified in Defendants' Rule 26 disclosures in this case.

**RESPONSE: Defendants have previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents.  Defendants concurrently produced the insurance policy.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

39.     Documents relied upon by Defendants to support its affirmative defenses, including any other documents describing the reasons for the adverse action.

**RESPONSE: Defendants plead their affirmative defenses with adequate factual allegations in support.  Defendants have previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents.  Defendants concurrently produced the insurance policy.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

40.     Any and all documents that refer or relate in any way to Plaintiff's employment with Defendants, including:

a.      All documents that refer or relate in any way to the duties and responsibilities of Plaintiff while employed by Defendants, including, but not limited to, job descriptions and information regarding Plaintiff's supervisors;

13

b.      All documents that refer or relate in any way to Plaintiff's job performance while employed by Defendants, including, but not limited to, all performance evaluations or reviews, Plaintiff's response(s) thereto, or any other documents that refer or relate to evaluations or criticisms of Plaintiff's job performance;

c.      All documents that refer or relate to any actual or proposed/considered disciplinary action taken or to be taken against Plaintiff;

d.      All documents that refer or relate to any complaints by Plaintiff concerning his employment;

e.      All documents that refer or relate to the benefits for which Plaintiff is, was or claims to be eligible or entitled; and

f.      All documents, policies, memoranda, handbooks, manuals, handouts, rules, personnel forms or other documents that relate to the terms and conditions of Plaintiff's employment with Defendants.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine. This request is not limited in time or scope. As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents. Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

41.      If Defendants' allege that any of the reasons or motivations for Plaintiff's termination were for violations of policies, rules, regulations or laws applicable to KCKCC, then please produce copies of those policies, rules, regulations or laws and all documents which reflect, are related to or constitute a violation of those policies, rules, regulations or laws.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and may request information protected by the attorney-client privilege and work-product doctrine. This request is not**

limited in time or scope.  As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.

42.     If Defendants' allege that any of the reasons or motivations for Plaintiff's termination were for personal conduct that is detrimental to the College, then please produce all documents related to such conduct.

RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and may request information protected by the attorney-client privilege and work-product doctrine.  This request is not limited in time or scope.  As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.

43.     All documents relating to any incident in which you allege Plaintiff violated any policies, rules, regulations or laws applicable to KCKCC.

RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  This request is not limited in time and scope.  As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.

44.     All documents relating to any incident in which you allege Plaintiff engaged in conduct that is detrimental to KCKCC.

RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  This request is not limited in time and scope.  As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents. Defendants and Plaintiff have reached a document production schedule as contained in the December 12-

**13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

45.     All documents relating to the termination, severance and/or discipline of any employee or trustee of Defendants alleged to have violated any policies, rules, regulations or laws applicable to KCKCC.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "all documents" and is overly broad and vague.  This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.   Further objecting, the proportionality of this request is unduly burdensome in that discovery should be limited to discovery of other complaints of a similar nature.**

46.     All documents relating to the termination, severance and/or discipline of any employee or trustee of Defendants alleged to have engaged in conduct that is detrimental to KCKCC.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "all documents" and is overly broad and vague.  This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.   Further objecting, the proportionality of this request is unduly burdensome in that discovery should be limited to discovery of other complaints of a similar nature.**

47.     Any and all documents and communications supporting Defendants' allegation in paragraph 12 of Defendants' Affirmative Defenses in Defendants' Amended Answer.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "any and all documents" and is overly broad and vague.  This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.  Defendants provided a factual basis in support of their affirmative defense.   As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents.  Defendant is aware of Plaintiff's purported employment contract that was never presented or approved by the Board of Trustees of Kansas City Kansas Community College and the Board agendas and minutes evidencing a lack of presentation and/or approval of the purported employment contract.  Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

48.     Any and all documents and communications supporting Defendants' allegation in

paragraph 11 of Defendants' Affirmative Defenses in Defendants' Amended Answer.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "any and all documents" and is overly broad and vague.  This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.  Defendants provided a factual basis in support of their affirmative defense.  As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file, initial e-mail correspondence, the Board Resolution, and other documents.  Defendant is aware of complaints made by Matt Fowler and Steven Terry. Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

49.     Any and all documents and communications that you provided or will provide to

any expert that you have or will retain in this matter.

**RESPONSE: Objection.  Defendant has not yet identified which persons will be called as expert witnesses at trial.  Defendant will supplement this response in accordance with the Federal Rules of Civil Procedure, or in compliance with the Scheduling Order entered by the Court.**

50.     All documents related to any other employee who was terminated or disciplined

for failure or refusal to comply with or violation of any policies, rules, regulations, or laws

applicable to the College.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "all documents" and is overly broad and vague.  This request is not limited in time and scope and invades the attorney-client privilege and work-product doctrine.   Further objecting, the proportionality of this request is unduly burdensome in that discovery should be limited to discovery of other complaints of a similar nature.**

51.     All documents related to any other employee who was terminated or disciplined

for other personal conduct that is detrimental to KCKCC.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "all documents" and is overly broad and vague.  This request is not limited in time and scope and invades**

the attorney-client privilege and work-product doctrine.   Further objecting, the proportionality of this request is unduly burdensome in that discovery should be limited to discovery of other complaints of a similar nature.

52.   All background checks performed regarding Plaintiff.

**RESPONSE:  Defendants are not presently in possession of responsive documents to this request.**

53.   All complaints received by Defendants related to Plaintiff.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "all complaints" and is overly broad and vague.  This request is not limited in time and scope. As limited by the foregoing objections and the General Objections set forth above, Defendant has previously produced Plaintiff's personnel file. Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

54.   All documents and complaints regarding JD Rios' commencement speech in 2017

including all documents related to consideration of and the decision about potential discipline

and public statements regarding JD Rios' speech.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "all documents and complaints" and is overly broad and vague.  This request is not limited in time and scope.  As limited by the foregoing objections and the General Objections set forth above, Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.**

55.   All policies related to plagiarism applicable to any individual, including

employees, administrators, staff or trustees of KCKCC.

**RESPONSE:  Defendant will produce its plagiarism statement on or before January 10, 2020.**

56.   All documents regarding the nomination and selection of JD Rios for the Mid-

America Education Hall of Fame.

**RESPONSE:  Defendants are not presently in possession of responsive documents to this request.**

57.     All documents regarding Board of Trustees public and executive session meetings from 2015 to the present, including minutes, transcripts, notes, documents considered during the meetings and videos of meetings.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "all documents and complaints" and is overly broad and vague.  This request is not limited in time and scope.  As limited by the foregoing objections and the General Objections set forth above, Defendant will produced the public meeting minutes.  Any information discussed in the closed, executive session is protected by K.S.A. 2018 Supp. 75-4319 and the attorney-client privilege. Defendant will produce the public meeting minutes on or before January 10, 2020.**

58.     All documents regarding meetings of any subcommittee of the Board of Trustees with responsibility for finances, budgeting including compensation/benefits of employees, employment or other contracts, hiring/promotion of employees, termination of employees, compensation/benefits of employees, or other human resources functions from 2015 to the present, including minutes, transcripts, notes, documents considered during the meetings and videos of meetings.

**RESPONSE: Objection.  Defendants object to this request does not reasonably describe the documents sought, and does not define or otherwise characterize the use of "all documents" and is overly broad and vague.  This request is not limited in scope and does not reasonably describe the documents sought.  Accordingly, this request may seek information and documents protected by the attorney-client privilege and work-product doctrine.**

59.     All budgetary documents reflecting the compensation and benefits to be paid to Deryl Wynn, Abbie Dillard, Michael Vitale, Susan Lindahl and Plaintiff from 2015 to the present including reports, budgets, and documents submitted to the Board of Trustees and/or any subcommittee of the Board of Trustees with responsibility for budgeting, compensation and/or benefits.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all budgetary documents" with specificity and requests**

information protected by the attorney-client privilege and work-product doctrine. Further objecting, the documents sought pertain to protected information related to a non-party. The documents requested relate to and mention confidential, personal information. This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information. As limited by the foregoing objections and the General Objections set forth above, Defendants previously produced Plaintiff's pay stubs.

60.     All human resources, personnel or financial documents reflecting the compensation and benefits to be paid to Deryl Wynn, Abbie Dillard, Michael Vitale, Susan Lindahl and Plaintiff from 2015 to the present including documents submitted to the Board of Trustees and/or any subcommittee of the Board of Trustees with responsibility for human resources, personnel or finances.

RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "human resources, personnel or financial documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information. As limited by the foregoing objections and the General Objections set forth above, Defendants previously produced Plaintiff's pay stubs.

61.     All documents related to any changes to Plaintiff's work responsibilities or areas of supervision or oversight by Plaintiff.

RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  As limited by the foregoing objections and the General Objections set forth above, Defendants previously began production of Plaintiff and Dr. Vietti's e-mail correspondence. Defendants and Plaintiff have reached a document production schedule as contained in the December 12-13, 2019 e-mail correspondence that may produce additional documents responsive to this request.

62.     All documents related to the investigation conducted by Amy Fowler including correspondence, interviews and interview notes, reports and the complaints that gave rise to the investigation.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  This request is not limited in time or scope.  This request also seeks documents that may be in the possession of a non-party whom Defendants do not employ or otherwise control.**

63.     All documents related to the investigation conducted by Luke Sobba including correspondence, interviews and interview notes, reports and the complaints that gave rise to the investigation.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  This request is not limited in time or scope.  This request also seeks documents that may be in the possession of a non-party whom Defendants do not employ or otherwise control.**

64.     All documents related to the employment contracts signed by Dr. Givens for Deryl Wynn, Abbie Dillard, Michael Vitale, Susan Lindahl and Plaintiff including copies of the contracts, all correspondence regarding the contracts, all payments of compensation and benefits made under the contracts, all documents providing notice to the Board of Trustees regarding the contracts and the employment of these individuals, all documents related to review, approval and/or renewal of the contracts, payout of leave time for these individuals, all documents regarding the termination, separation and/or change in employment status of these individuals, all severance agreements provided to these individuals and all requests for repayment of compensation and/or benefits made by Defendants to these individuals.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

65.    All documents including policies, procedures, rules or training material provided to any employee of Defendants related to human resources, discrimination and/or retaliation and approval of employment contracts for employees including any documents related to your responses to Interrogatory 11.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity.  This request seeks an unlimited amount of documents pertaining to "policies, procures, rules or training."   The proportionality of this request outweighs the likelihood that the request will lead to discoverable information.   This information sought has no relation or relevance to this lawsuit and is not reasonably calculated to lead to discoverable information.**

66.    All documents regarding any signed authorization directing Defendants to deduct from Plaintiff's earned wages for payment of insurance premiums and all policies, procedures, rules or training material provided to any employee of Defendants related to requirements prior to deducting from an employee's earned wages .

**RESPONSE:  Defendants are not presently in possession of responsive documents to this request.**

67.    All documents regarding the termination of payment of health insurance premiums for Plaintiff, the decision to terminate such payments and the decision to deduct from Plaintiff's earned wages for insurance premiums.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

68.    All documents reflecting Defendants' payment of health insurance premiums for any employees from 2014 to the present.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in scope and does not define "all documents" with specificity.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information. The**

proportionality of this request outweighs the likelihood that the request will lead to discoverable information.

69.     All documents regarding the payment of compensation, benefits, and/or severance

to Plaintiff upon or after his termination, the decision regarding what compensation, benefits,

and/or severance to pay to Plaintiff and documents reflecting what compensation, benefits and/or

severance were actually paid to Plaintiff upon or after his termination.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Namely, this request seeks information related to Plaintiff's purported employment contract that was never approved by The Board of Kansas City Kansas Community College.  As limited by the foregoing objections and the General Objections set forth above, Defendants previously produced Plaintiff's pay stubs, insurance information, and personnel file.**

70.     Copies of pay stubs for all payments made to Plaintiff in 2018 and all documents

reflecting the calculation of such payments and evidencing the reason for the payments.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  As limited by the foregoing objections and the General Objections set forth above, Defendants previously produced Plaintiff's pay stubs.**

71.     Copies of all pay stubs for Plaintiff from 2014 to the present.

**RESPONSE:  Defendants previously produced Plaintiff's personnel file, including his pay stubs.**

72.     All documents regarding the hiring of Deryl Wynn, the negotiation, drafting and

approval of the employment contract for Deryl Wynn that was signed by Dr. Givens on behalf of

KCKCC, and the decision regarding which other employees would receive similar employment

contracts.

**RESPONSE: Objection.  Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine.  Further objecting, the documents sought pertain to protected information related to a non-party.  The documents requested relate to and mention confidential, personal information.  This**

**information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

73. All documents regarding payments by Defendants for legal services in preparing the employment contracts signed by Dr. Givens on behalf of KCKCC and provided to Deryl Wynn, Abbie Dillard, Michael Vitale, Susan Lindahl and Plaintiff, including invoices for legal services, documents reflecting negotiation of contract terms for any of these individuals, and approval of payment for such legal services by any Defendant.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine. Further objecting, the documents sought pertain to protected information related to a non-party. The documents requested relate to and mention confidential, personal information. This information sought has no relation to this lawsuit and is not reasonably calculated to lead to discoverable information.**

74. All documents regarding the Special Meeting of the Board of Trustees on April 3, 2018 including all notices of the Special Meeting, documents regarding the decision to hold the Special Meeting, minutes, agenda, notes or other documents reflecting the business conducted during the Special Meeting, documents discussed, referenced or reviewed during the Special Meeting, and documents regarding any actions taken during the Special Meeting.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine. Any information discussed in the closed, executive session is protected by K.S.A. 2018 Supp. 75-4319 and the attorney-client privilege. Defendant will produce the public meeting minutes and notice of meeting on or before January 10, 2020.**

75. All documents regarding audits that reference the employment contracts signed by Dr. Givens in 2016 or which reflect payment of wages and benefits to individuals who signed those contracts, including Deryl Wynn, Michael Vitale, Abby Dillard, Susan Lindahl and/or Plaintiff.

**RESPONSE: Objection. Defendants object to this request as it is not limited in time and**

scope and does not define "all documents" with specificity and requests information protected by the attorney-client privilege and work-product doctrine. This request is seeks an unspecified and potentially unlimited amount of documents.

/s/ Alan L. Rupe

Alan L. Rupe, KS #08914
Karly D. Weigel, KS #78719
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Avenue, Suite 700
Kansas City, MO 64112
Telephone: (816) 299-4250
Facsimile:  (816) 299-4245
alan.rupe@lewisbrisbois.com
karly.weigel@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, a copy of Defendants Kansas City Kansas Community College and The Board of Trustees of Kansas City Kansas Community College's Objections and Responses to Plaintiff's First Requests for Production was served via e-mail to the following:

**FUNK RIEMANN LLC**
Andrew Funk
andrew@frlawkc.com

*Attorney for Plaintiff*

/s/ Alan L. Rupe

Alan L. Rupe