UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DR. MAHMOUD ABOUELENEIN,

    Plaintiff,

v.

KANSAS CITY KANSAS COMMUNITY COLLEGE, THE BOARD OF TRUSTEES OF KANSAS CITY KANSAS COMMUNITY COLLEGE, and DR. JACQUELINE VIETTI,

    Defendants.

Case No. 18-2670-DDC

## ORDER

The defendants, Kansas City Kansas Community College, its Board of Trustees, and Dr. Jacqueline Vietti, have filed a motion to compel compliance with their first set of interrogatories and request for production of documents served on the plaintiff, Mahmoud Abouelenein (ECF No. 51). For the reasons that follow, the defendants' motion is granted in part and denied in part.

Analysis

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding defendants' motion, as required by D. Kan. R. 37.2. The parties met and conferred several times either in person, by email, or via telephone on January 17, 20,

22, and 24, 2020.[1] Plaintiff objected on various grounds to Document Request Nos. 14–16, 24, and 28 and Interrogatories Nos. 9 and 13.[2] Plaintiff also responded to defendants' request for a signed verification of plaintiff's interrogatory responses.[3] Each of these discovery requests is discussed below.

Document Request Nos. 15 and 16 and Interrogatory No. 13

Defendants' Document Request Nos. 15 and 16, and Interrogatory No. 13, all seek information related to plaintiff's medical history. Document Request No. 15 asks for all documents referencing medications, either prescribed or over the counter, that plaintiff has taken within the last five years. Document Request No. 16 asks for any documents with information about a condition or circumstance that rendered plaintiff unavailable to work at any point during his thirteen-year employment. Interrogatory No. 13 asks for the name, address, and telephone number of all health care providers and facilities who have treated plaintiff for any medical illness within the past ten years. This interrogatory also asks for a description of each injury or illness, the treatment received, the dates of the treatment, and whether the treatment was sought as a result of defendants' conduct.

Plaintiff opposes defendants' motion on grounds that the information requested is overbroad and unrelated to defendants' claims and defenses.[4] Prior to the motion to

---

[1] ECF No. 52 at 2–3.

[2] ECF No. 57.

[3] *Id.* at 4.

[4] ECF No. 57.

compel, plaintiff provided defendants a one-page medical summary in his Rule 26 disclosures.[5] Defendants claim this is inadequate because without additional discovery, they cannot verify that plaintiff's self-reported summary of his medical history is the extent of treatment he received.[6]

Relevancy is broadly construed for purposes of pretrial discovery. A request generally will be allowed unless it is clear the information sought has no bearing on the claim or defense of a party.[7] If a discovery request appears relevant on its face, the party opposing discovery has the burden of showing that the request falls outside the scope of Fed. R. Civ. P. 26(b)(1). But if the relevancy of the discovery request is not readily apparent, the burden of showing its relevancy is on the party requesting discovery.[8] A party objecting to discovery on the grounds that the request is overbroad has the burden to support its objection, unless the request is overbroad on its face.[9]

This court has held that a document request or interrogatory is overly broad or unduly burdensome on its face if "it (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range

---

[5] ECF No. 52 at 7.

[6] *Id.*

[7] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001).

[8] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003).

[9] *Garrett v. Sprint PCS*, No. 00-2583-KHV, 2002 WL 181364 at *2 (D. Kan. Jan. 31, 2002) (citing *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997)).

of information."[10] But even if an interrogatory or request is overly broad in nature, a party generally has a duty to respond to the extent the interrogatory or request can be narrowed to an appropriate scope.[11]

Because the relevancy of these three discovery requests is not readily apparent for an employment discrimination case, the burden falls to defendants to establish why these discovery requests are relevant. Defendants point to plaintiff's assertion that defendants' conduct contributed to his anxiety, difficulty sleeping, and prescribed medication use.[12] Further, plaintiff disclosed he was receiving treatment for cancer during his employment.[13] For these reasons, defendants claim broad discovery of plaintiff's medical history is necessary to verify whether this additional medical condition and/or treatment is related in any way to plaintiff's alleged injuries. Further, plaintiff has put his medical condition at-issue by claiming damages for emotional distress, pain and suffering, and mental anguish.[14]

Plaintiff argues that defendants' requests are not narrowly tailored to the issues in this case, noting the authorization defendants seek would allow for discovery broad enough

---

[10] *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006).

[11] *Id.* at 672–73.

[12] ECF No. 52 at 7.

[13] ECF No. 60 at 5.

[14] ECF No. 1 at ¶¶ 89, 106, 122.

4

to include highly personal information such as AIDS testing, substance abuse treatment, and mental health treatment.[15]

The court finds plaintiff's medical history is relevant to causation of the alleged injuries and damages for an emotional distress claim. Plaintiff alleged defendants' conduct caused him humiliation, emotional distress, pain and suffering, reputational damage, inconvenience, and mental anguish.[16] This court has upheld similar interrogatories and document requests in the past, noting that discovery is "particularly broad in discrimination cases."[17] However, the scope is not unlimited.[18] Rather than grant unfettered access to plaintiff's entire medical history, defendants must narrow their scope to medical information relevant to plaintiff's alleged injuries.

The temporal scope should also be considered. Document Request No. 15 has a five-year scope, Request No. 13 has a ten-year scope, and Document Request No. 16 has a thirteen-year scope. Employment discrimination cases have held discovery of medical

---

[15] ECF No. 57 at 5–6.

[16] ECF No. 1 at ¶¶ 89, 106, 122.

[17] *Garrett*, 2002 WL 181364 at *3; *Hilt*, 170 F.R.D. at 186 (upholding an interrogatory, similar to Interrogatory No. 13 in this case, because plaintiff placed her "mental, emotional, and psychological condition at issue"); *Utter v. Thompson*, No. 11–2360–KHV, 2012 WL 5933043 at *4 (D. Kan. Nov. 27, 2012) (upholding substantially similar requests and interrogatories because the plaintiff sought damages for "fear, anxiety, emotional distress, and anguish").

[18] *Frappied v. Affinity Gaming Black Hawk, LLC*, No. 17–cv–01294–RM–NYW, 2018 WL 1899369 at *6 (D. Colo. Apr. 20, 2018) ("it does not appear to the court that any and all medical information . . . is relevant and proportional to the claims for emotional distress.").

information both before and after the liability period may be relevant.[19]  But the court believes limiting the scope of defendants' requests for medical information to a period of five years prior to the alleged discriminatory period, at least under the facts presented in this particular case, is the outer limit of what can be considered reasonable.[20]

Plaintiff's medical history is relevant and discoverable for the purposes of determining the cause and extent of his alleged injuries and for calculating damages. However, the court orders defendants to narrow the scope of the medical inquiry to information related to the specific injuries plaintiff alleges.  Defendants must also narrow the temporal scope to no longer than five years prior to the alleged discriminatory period. In this case, the court sets the date at five years prior to September 8, 2017, the date plaintiff first filed a complaint with the KCKCC Human Resources Department regarding discriminatory treatment.[21]

Document Request No. 24

Document Request No. 24 asks plaintiff to execute a HIPAA-compliant authorization form and identify all health care providers and treatment sought and received within the past ten years.  Defendants claim this authorization is necessary to independently

---

[19] *Garrett*, 2002 WL 181364 at *2.

[20] *Id.* (noting the emergence of a "five-year rule" in caselaw concerning the durational scope of discovery related to the plaintiff's mental and emotional condition in an employment discrimination case); *Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014) (limiting discovery into employees' medical records to five years before the date of the incident).

[21] ECF No. 1 at ¶ 51.

verify whether plaintiff received treatment attributable to defendants' conduct.[22] Plaintiff opposes this request, arguing the authorization is overly broad, not relevant, and not proportional.[23]

As discussed above, plaintiff's medical records are relevant and discoverable. However, Rule 34 of the Federal Rules of Civil Procedure contains no provision requiring a party to sign an authorization so that the requesting party can obtain documents directly from a non-party.[24] Rather, defendants may serve a subpoena on the medical provider pursuant to Fed. R. Civ. P. 45. As this court has noted before:

> It is only after the individuals or entitles object on grounds of privilege or otherwise fail to produce the documents pursuant to the subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.[25]

These conditions have not been met, so the court denies defendants' motion as it relates to Document Request No. 24.

---

[22] ECF No. 52 at 7–8.

[23] ECF No. 57 at 5–7.

[24] *Becker v. Securitas Sec. Servs. USA, Inc.*, No. 06–2226–KHV–DJW, 2007 WL 677711 at *3 (D. Kan. Mar. 7, 2007); *Paliwoda v. Showman*, No. 12–2740–KGS, 2013 WL 3756591 at *6 (D. Kan. July 15, 2013) (denying to compel plaintiff to sign a blank authorization to gain total access to plaintiff's medical history); *Anthony v. Alorica, Inc.*, No. 08-2437-CM, 2009 WL 10707937 at *2 (D. Kan. Oct. 9, 2009) (finding no legal basis that the plaintiff must be compelled to sign a document releasing medical records to defendant).

[25] *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007); *Paliwoda*, 2013 WL 3756591 at *6.

Interrogatory No. 9

Interrogatory No. 9 asks for each item of damages plaintiff wishes to claim, including the category, factual basis, calculation, and any documentation of the damages. Originally, plaintiff responded to this interrogatory saying he will comply with Rule 26.1 in his continuing obligation to provide information regarding his damages and directed defendants to specific disclosures.[26] However, in plaintiff's response to defendants' motion to compel, plaintiff asserts Interrogatory No. 9 is overly broad.[27] Plaintiff failed to offer any further argument on the point.

The court finds defendants' interrogatory is relevant and narrowly tailored. Further, this information is required under Fed. R. Civ. P. 26(a)(1)(A)(iii).[28] Plaintiff should provide, at the very least, an estimated dollar amount and calculations for how that dollar amount was reached.[29] This includes making available any evidentiary material on which

---

[26] ECF No. 52 at 6.

[27] ECF No. 57 at 5.

[28] *See also Majdalani v. Legacy Bank*, No. 06–1317–MLB, 2007 WL 2694043 at *2 (D. Kan. Sept. 11, 2007) (granting motion to compel a more complete response to an interrogatory inquiring into damage calculations, noting "[t]he answer shall include specific dollar amounts and the computations supporting the amounts requested").

[29] *Isom v. Midwest Div.-OPRMC, LLC*, No. 13–2602–RDR, 2014 WL 3541842 at *2 (D. Kan. July 17, 2014) (granting a motion to compel full and complete damages calculation); *Deffenbaugh v. Winco Fireworks Int'l, LLC*, No. 06-2516-CM, 2007 WL 9723613, at *2 (D. Kan. Oct. 12, 2007) (granting motion to compel a dollar amount for alleged damages, including documents relating to attorneys' fees and all documents concerning damages and damage calculations) (*review denied by* 2008 WL 1995150 (D. Kan. May 7, 2008)).

the calculation is based.[30] Defendants' motion to compel a response to Interrogatory No. 9 is granted.

Document Request No. 28

Defendants request a recent, color photograph of plaintiff against a white background. Initially, plaintiff denied production, responding that no such photograph exists.[31] Defendants argue this photograph is relevant to defend plaintiff's claim for discrimination based on national origin, and that it is not unduly burdensome for plaintiff to provide a photo meeting these requirements.[32] Plaintiff opposes the request, arguing discovery is limited to existing evidence and he should not be required to create evidence in response to a request.[33] In their reply, defendants reassert their request for a photograph, arguing that the specifications for the photograph are broad enough that a photo of plaintiff likely already exists.[34] In the alternative, defendants ask for leave to take a photograph of plaintiff themselves at his deposition.[35]

---

[30] *Isom*, WL 3541842 at *2.

[31] ECF No. 52 at 10.

[32] *Id.*

[33] *Hale v. Vietti*, No. 16-4183-DDC-KGG, 2018 WL 2971681 at *3 (D. Kan. June 12, 2018) ("No provision in the Rules requires a party to create a document in response to a document request."); Fed. R. Civ. P. 34(a)(1) contemplates production of *existing* items (emphasis added).

[34] ECF No. 60 at 2.

[35] *Id.* at 2–3.

The court agrees with plaintiff. If no such photograph exists, as plaintiff purports, defendants cannot rely on Rule 34 to require plaintiff to create a document meeting their request.[36] Further, just because it would not be unduly burdensome for plaintiff to take a photograph, does not mean plaintiff must be compelled to do so for litigation purposes. Defendants argue a photograph of plaintiff is relevant for their defense but have offered no further explanation of why such a photograph is necessary if both parties stipulated to plaintiff's national origin. The motion regarding this request is denied. However, the court will grant defendants leave to take a photograph of plaintiff against a white background at his deposition.

Document Request No. 14

Defendants' request reads: "Please produce all documents received, or otherwise obtained, by you from Defendants in this action, whether or not said documents were obtained with prior authorization from Defendants." The parties indicated that plaintiff agreed to produce responsive documents in the form of an e-mail folder.[37]

It is unclear whether this e-mail folder includes plaintiff's purported employment contract and documents in his possession related to the contract. If not, the court finds information regarding the purported employment contract is relevant and grants

---

[36] *Sonnino v. U. Kan. Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004) ("The Court cannot compel a party to produce documents that do not exist or that are not in the party's possession, custody, or control.").

[37] ECF No. 57 at 4.

defendants' motion to compel this information. It appears the parties are in general agreement after conferring about the disclosures to be made regarding this request.

Signed Verification of Interrogatory Responses

Defendants requested the court to compel plaintiff to provide a signature page verifying his interrogatory responses. The parties indicated this issue was resolved on February 7, 2020 when plaintiff provided the required verification via e-mail.[38]

IT IS THEREFORE ORDERED that defendants' motion to compel is granted in part and denied in part. By **March 27, 2020**, plaintiff shall supplement his discovery responses consistent with this order.

IT IS SO ORDERED.

Dated March 6, 2020, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                          James P. O'Hara
                                          U. S. Magistrate Judge

---

[38] *Id.*