UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DR. MAHMOUD ABOUELENEIN,

      Plaintiff,

    v.

KANSAS CITY KANSAS COMMUNITY
COLLEGE, THE BOARD OF TRUSTEES
OF KANSAS CITY KANSAS
COMMUNITY COLLEGE, and DR.
JACQUELINE VIETTI,

      Defendants.

Case No. 18-2670-DDC

## <u>ORDER</u>

The plaintiff, Dr. Mahmoud Abouelenein, has filed a motion seeking to compel supplemental discovery responses from the defendants, Kansas City Kansas Community College, its Board of Trustees, and Dr. Jacqueline Vietti (ECF No. 53). Defendants oppose the motion, arguing they have provided complete answers to the discovery and otherwise standing on their objections. For the reasons discussed below, defendants' motion is granted in part and denied in part by the undersigned U.S. Magistrate Judge, James P. O'Hara.

<u>Background</u>

Plaintiff was employed with Kansas City Kansas Community College as its Chief Information Officer until he was terminated in 2018. Plaintiff alleges defendants discriminated and retaliated against him after he filed a human-resources complaint in September 2017. Eventually, the Board of Trustees voted to terminate plaintiff. Plaintiff

now brings claims of employment discrimination, retaliation, breach of contract, and negligence, as well as a claim under the Kansas Wage Payment Act.[1]  Defendant's motion to dismiss is pending before the presiding U.S. District Judge, Daniel D. Crabtree.[2]

On October 2, 2019, plaintiff served 30 interrogatories and 75 requests for production on defendants.[3]  The parties agreed to multiple extensions, although whether defendants properly obtained enough extensions is at the issue in this motion.[4]  Ultimately, defendants served responses on January 6, 2020.[5]  Many of these responses are disputed;[6] plaintiff moves to compel responses to 10 interrogatories and 33 requests for production. For length, the court will summarize but not reproduce each interrogatory and request for production in full, as they can be found in the parties' briefing.  The court will generally adhere to the categories offered by plaintiff to discuss the requests for production and will address individual requests as needed.

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding plaintiff's motion, as required by D. Kan. R. 37.2.  A review of the briefing and attached exhibits indicates counsel communicated via e-mail and telephone

---

[1] ECF No. 1.

[2] ECF No. 19.

[3] ECF No. 36.

[4] ECF No. 54; 54-1.

[5] ECF No. 47.

[6] Defendants also filed a motion to compel regarding their discovery propounded to plaintiff, which the court granted in part and denied in part (ECF No. 62).

multiple times to attempt to resolve their discovery disputes.[7]  As such, the court is satisfied counsel have adequately conferred for the purposes of the motion to compel.  The court does, however, direct the parties to confer regarding the updated privilege log, as discussed below.

Analysis

Rule 26(b) of the Federal Rules of Civil Procedure states that the parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case."[8]  The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[9]  Although the court still considers relevance, the previous language defining relevance as "reasonably calculated to lead to the discovery of admissible evidence," was deleted in the 2015 amendment "because of it was often misused to define the scope of discovery and had the potential to 'swallow any other limitation.'"[10]  As such, the requested information

---

[7] ECF No. 59 at 3-4.

[8] Fed. R. Civ. P. 26(b)(1).  The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

[9] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

[10] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *2 (D. Kan. Jan. 2, 2018).

must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[11]

Waiver of Objections

The court will address plaintiff's initial argument that defendants have waived all objections by failing to properly obtain extensions to respond. Plaintiff asserts the responses are technically deficient and argues defendants have waived their objections. Courts have deemed a waiver sanction to be appropriate in cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver.[12]

The procedure discussed in defendants' response leads the court to disagree. It appears the parties agreed to toll discovery responses during their ongoing conferrals. The court agrees the document rolling production was set to conclude on February 28, 2020, and defendants have not waived their objections. The parties' e-mail correspondence reflects that defendants sought multiple extensions to respond in November 2019 but did not receive an extension in writing between November 15 and December 10, 2019. Plaintiff's counsel wrote to give a conditional extension until December 20, 2019 if defendants agreed to respond without objection and if defendants consented to an extension

_____

[11] *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *1–2 (D. Kan. Nov. 19, 2018).

[12] *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008).

for plaintiff to file a motion to compel.[13]  The parties then filed a joint motion mapping out a timeline, allowing defendants to produce responses through February 28, 2020 and for plaintiff to file a motion to compel by January 27, 2020.

The timeline and correspondence in this case are somewhat confusing.[14]  But overall, although the parties could have kept a cleaner record of the extensions and agreements in this matter, the record reflects an agreement for defendants to produce documents through February 28, 2020.

Privilege Log

In the parties' conferral process, they agreed to produce documents on a rolling production basis.  As part of that agreement, the parties agreed upon search terms and the necessity of a privilege log.[15]  Plaintiff now contends defendants produced a privilege log with only three entries, all lacking the required detail.[16]  Additionally, plaintiff argues the rolling production has continued without defendants concurrently updating their privilege log.[17]

---

[13] ECF No. 54-1 at 5.

[14] Adding to the confusion is whether Adam Moore, the author of some of the parties' e-mail correspondence, has properly entered an appearance in this case. Defendants argue he has not been admitted in Kansas state court or federal court and has not filed any entry of appearance in this matter.  The court directs Mr. Moore to promptly enter an appearance if he is representing plaintiff in this case.

[15] ECF No. 59 at 5.

[16] ECF No. 54 at 9; ECF No. 54-2.

[17] ECF No. 54 at 11.

Although the parties have already agreed to the necessity of a privilege log, the court will remind the parties of the essential elements of the log. The level of detail required in a privilege log is determined on a case-by-case basis,[18] but courts in this District have stated that a privilege log generally should contain the following:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document (if different from #2);

4. The identity of the person(s) who prepared the document;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"

6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"

7. The number of pages of the document;

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

---

[18] *See Helget v. City of Hays*, No. 13-2228, 2014 WL 1308890, at *3 (D. Kan. Mar. 28, 2014) (stating that a privilege log must provide "sufficient information to allow the other party to assess the claimed privilege"); *see also H & L Assocs. of Kansas City, LLC v. Midwestern Indem. Co.*, No. 12-2713, 2013 WL 5774844, at *7 (D. Kan. Oct. 25, 2013); *Sprint Commc'n Co. v. Big River Tel. Co.*, No. 08-2046, 2009 WL 2878446, at *2 (D. Kan. Sept. 2, 2009).

9. Any other pertinent information necessary to establish the elements of asserted privilege.[19]

At the very least, a privilege log should contain sufficient information so that the opposing party and the court can evaluate the claimed privilege.[20] If a party fails to carry its burden of establishing that any documents withheld are subject to privilege, the court may conclude that the privilege is waived.[21]

Plaintiff objects to defendants' reference to a "categorical privilege" regarding attorney-client privileged conversations. The court agrees that the privilege doesn't apply "to every interaction between attorney and client."[22] There must be a connection between "the subject of the communication and the rendering of legal advice" for the attorney-client privilege to shield the communication from disclosure.[23] Legal advice must predominate for the communication to be protected, i.e., the privilege does not apply where the legal advice is merely incidental to business advice.[24] The privilege only protects the disclosure

---

[19] *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 448–49 (D. Kan. 2009) (citing cases) (emphasis added).

[20] *Farha*, 2010 WL 3168146, at *4.

[21] *New Jersey*, 258 F.R.D. at 448; *Kannaday*, 292 F.R.D. at 646 ("It is well settled that if a party fails to make the required showing under Fed. R. Civ. P. 26(b)(5)(A) by not producing a privilege log or by producing an inadequate one, courts may deem the privilege waived.").

[22] *Cypress Media, Inc. v. City of Overland Park*, 997 P.2d 681, 690 (Kan. 2000).

[23] *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1269 (D. Kan. 2008).

[24] *Id.*

of communications, not disclosure of the underlying facts by those who communicated with the attorney.[25] A party may demonstrate the privilege applies to communications among corporate management employees by "establishing that the communication was made in confidence for the primary purpose of obtaining legal advice."[26] But business data or documents where the element of confidentiality is lacking, for example, would not be protected under attorney-client privilege.[27]

Defendants argue their privilege log complies with the court's requirements and plaintiff has failed to object to or confer about any issues he has with the privilege log before filing this motion. The court does not find that plaintiff had an additional burden to confer regarding the privilege log specifically, and defendants have not cited any case law specific to the privilege log. But defendants represent that the parties "agreed that because of the rolling production agreement that plaintiff would be permitted to challenge defendants' privilege log at the conclusion of the rolling production, February 28, 2020."[28] It appears the parties have not meaningfully conferred about the privilege log. In the interest of efficiency, and to hopefully resolve some of these outstanding issues, the court agrees that the parties should confer about the claimed issues over the privilege log.

To hopefully guide the parties in this process, the court proceeds with ruling on the

---

[25] *Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 SRN/SER, 2014 WL 1309095, at *6 (D. Minn. Apr. 1, 2014).

[26] *White*, 586 F. Supp. 2d at 1269.

[27] *Black & Veatch Corp.*, 297 F.R.D. 611, 620 (D. Kan. 2014).

[28] ECF No. 59 at 10.

items in plaintiff's motion to compel. To the extent the court directs defendants to supplement their privilege log, they should do so in compliance with the standards set forth above.

<u>Category A: Why Plaintiff was Terminated (Interrogatory Nos. 1, 3, 6, & 24; Document Request Nos. 5, 41, 42, 43, 44, & 74)</u>

Most of the contested discovery requests involve information about plaintiff's termination or information to support his argument that "none of the other non-Muslim and non-Egyptian individuals at KCKCC, including others who received similar employment contracts, have been subjected to such reductions in job responsibilities, threats, contract termination, demands for repayment of past paid wages, salary recalculation, improper wage and benefits withholding, non-payment of earned and accrued leave and contractual benefits and termination."[29]

For these and for the other objections, the court notes that it will only consider those objections that have been (1) timely asserted, *and* (2) relied up in response to the motion to compel.[30] Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.[31]

The first set of requests involves information supporting plaintiff's termination. Plaintiff claims defendants have not provided the reasons for his termination, beyond the board telling him it was for "(1) failure or refusal to comply with or violation of any

---

[29] ECF No. 54 at 4.

[30] *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005).

[31] *Id.*

policies, rules, regulations or laws applicable to the College; and (2) other personal conduct that is detrimental to the interests of the College."[32]  In response to Interrogatory No. 1, and reiterated through their discovery responses, defendants explain that plaintiff was offered an opportunity to meet with the board to "receive information about the reasons for the board's intention to terminate his employment,"[33] but plaintiff didn't attend the meeting.  Plaintiff represents he has never learned what policies or procedures he violated or what conduct formed the basis of his termination.[34]

Interrogatory No. 1

The court grants plaintiff's request to compel a response to Interrogatory No. 1. Because plaintiff chose not to attend the board meeting on April 2, 2018, where the board apparently decided to terminate plaintiff, defendants contend plaintiff buried his head in the sand and cannot now obtain that information.[35]  But notably defendants offer no case law to support this argument, and the court is wholly unpersuaded that plaintiff's failure to attend the board meeting precludes his ability to obtain information now about the board meeting through formal discovery requests.

Defendants also contend this information is privileged.  Defendants rely on Kan. Stat. Ann. § 75-4319 to argue "information discussed in an executive closed session in

---

[32] ECF No. 54 at 22.

[33] EF No. 54-3 at 3.

[34] ECF No. 54.

[35] ECF No. 59 at 14.

consultation with an attorney for the public body is protected." Plaintiff disagrees, arguing the information is not necessarily privileged.

The plain language of the statute explains that consultation with an attorney "which would be deemed privileged in the attorney-client relationship" is a justification for a closed meeting, not that *all information* discussed in the session is automatically protected when there is an attorney there. The language of the statute does not support a finding that all matters discussed in executive session are privileged.[36] Courts in this district have held "nothing in the statute shields the discussions from disclosure in civil litigation."[37]

To the extent these documents are confidential, that does not equate to privilege. Information is not shielded from discovery on the sole basis that such information is confidential.[38] A protective order can ensure that any private matters are not disseminated to the public.[39] Here, the agreed protective order entered on July 15, 2019 addresses "confidential personnel information, confidential investigation materials, confidential financial and tax information, confidential medical information, and other confidential information."[40] That protective order should resolve the privacy concerns associated with

---

[36] *Hinsdale v. City of Liberal, Kan.*, 981 F. Supp. 1378, 1380 (D. Kan. 1997).

[37] *Id.*

[38] *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011); *Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 698 (D. Kan. 2007.

[39] *Hinsdale*, 981 F. Supp. at 1380.

[40] ECF No. 32.

the confidential nature of these documents.  Defendants' repeated objection that documents are confidential is overruled, and defendants are directed to answer Interrogatory No. 1.

Interrogatory Nos. 3, 6, & 24

Defendants' objections to Interrogatory Nos. 3, 6, and 24 are overruled.  As an initial matter, the court notes that defendants have asserted conditional objections.  Conditional objections occur "when a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections."[41]  To be clear, such objections "preserve nothing and serve only to waste the time and resources of both the parties and the court."[42] Defendants' responses, many of which contain the language "as limited by the foregoing objections and general objections set forth above," are indeed conditional.[43]  To the extent defendants have provided partial answers to these or other requests, leaving plaintiff "guessing as to whether documents are being withheld based on the objections,"[44] the court strongly reminds defendants that conditional objections are not appropriate and directs defendants to serve supplemental, complete responses.

Further, defendants do not raise objections specific to these requests in their response to the motion to compel.  Objections initially raised but not relied upon in

---

[41] *U, Inc. v. ShipMate, Inc.*, No. 2:14-CV-2287-JTM-TJJ, 2015 WL 3822731, at *3 (D. Kan. June 19, 2015).

[42] *Id.*

[43] ECF No. 36-6.

[44] ECF No. 61 at 8.

response to the motion to compel will be deemed abandoned.[45] The court finds these interrogatories seek information that is relevant to plaintiff's termination and directs defendants to provide complete responses to Interrogatory Nos. 3, 6, and 24.

Document Request Nos. 41-44

Defendants assert there are "no documents for defendants to produce – there is no set of additional meeting minutes (other than the minutes previously produced); no authorized recording of the meeting; and no documents removed by the Board members."[46] Plaintiff offers no additional reasons to compel additional documents in his response beyond asserting "full responses should be provided without objection." The court is satisfied defendants have adequately responded to Document Request Nos. 41-44.

Document Request Nos. 5 & 74

Defendants object that these requests, which seek documents supporting defendants' stated reasons for plaintiff's termination and the special meeting of the Board of Trustees where plaintiff was terminated, are not limited in time or scope. The court finds the plain language of the request appropriately limits the scope and overrules defendants' objections. Further, defendants object that these requests seek information protected by attorney-client privilege or work-product protection. As discussed above, the only way for the court to rule on such objections is to have a complete and updated privilege log with responsive documents. To the extent defendants have documents responsive to

---

[45] *Cardenas*, 232 F.R.D. at 380.

[46] ECF No. 59 at 14.

Document Request Nos. 5 and 74 that they claim are privileged, they should include these in the privilege log.

Category B: Investigation of Plaintiff's Complaint (Interrogatory Nos. 10 & 14; Document Request Nos. 24, 62, & 63)

Plaintiff seeks information regarding defendants' internal investigation of the human-resources complaint he made on September 8, 2017.[47]  As to Interrogatory Nos. 10 and 14 and Document Request No. 24, defendants represent the parties have agreed on the scope of production.[48]  Plaintiff represents, however, defendants have not supplemented their interrogatories or provided the missing verification page.[49]  The court directs defendants to supplement their interrogatory answers and provide the verification page, if they have not already done so.

As to Document Request Nos. 62 and 63, defendants represent they do not have these files in their possession.  Plaintiff argues defendants do have responsive files in their possession or at least have the practical ability to obtain them.[50]  At this stage, there is no evidence that there is any additional relevant information defendants are withholding. Without such evidence, the court "cannot compel the production of documents that have

---

[47] ECF No. 54 at 2.

[48] *Id.*

[49] ECF No. 59.

[50] ECF No. 61 at 6.

not been uncovered after a reasonable search."[51]  If, at a later stage, it is revealed responsive documents exist but were intentionally not found or produced by defendants, plaintiff may pursue sanctions.  Based on the record, that is not the case now.

Category C: Facts Regarding Other Executives' Contracts (Interrogatory No. 18; Document Request Nos. 11, 12, 16, 17, 57-60, 64, 72, 73, & 75)

Interrogatory No. 18

Interrogatory No. 18 asks for the names of people who entered into employment contracts signed by Dr. Doris Givens in 2016, as well as a number of details about those contracts.  Defendants object that the interrogatory is unduly burdensome and vague, not limited in time and scope, and asks subparted questions in violation of Fed. R. Civ. P. 33. The court finds the interrogatory is reasonably tailored to contracts signed by Dr. Givens in the span of one year, and is not unduly burdensome and vague. Because the subparts are related to a common theme, the court finds they can be construed as one interrogatory.[52] Defendants are directed to answer the interrogatory.

Document Requests Nos. 11, 12, 16, & 17

Document Requests No. 11, 12, 16, and 17 request "all employment documents" of certain individuals in the company.  Plaintiff argues these named individuals were offered contracts identical to his contract, and their contracts will show that the Board of Trustees was aware of their contracts and show defendants' disparate treatment of plaintiff.

_____

[51] *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 11516516, at *2 (D. Kan. Nov. 20, 2014).

[52] *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004).

Defendants assert they have produced "purported employment contracts sought by plaintiff in response to plaintiff's second requests for production of documents,"[53] and as related to these particular requests for production, they have "already produced many of these individuals' purported employment contracts." Courts in this district have generally held that an individual's employment records are relevant and/or reasonably calculated to lead to the discovery of admissible evidence if he or she "(1) is alleged to have engaged in the retaliation or discrimination at issue, (2) is alleged to have played an important role in the decision or incident that gives rise to the lawsuit, or (3) is a key witness to the events giving rise to the lawsuit."[54] In employment discrimination cases, particularly under Title VII, the scope of discovery is broad and depends heavily on the particular circumstances of the case. An employer's general practices may be relevant even when a plaintiff is asserting an individual claim for disparate treatment.[55] "When the motive or intent of a defendant employer is at issue, information concerning its conduct toward employees other than the plaintiff is relevant."[56]

Defendants object that these requests are overly broad. When a request is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of

---

[53] ECF No. 59 at 15.

[54] *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1259–60 (D. Kan. 2008).

[55] *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652–53 (D. Kan. 2004).

[56] *Id.*

the request.[57]   Plaintiff has not shown how all employment documents, beyond the contracts, are relevant to his claims. The court finds the request for "all employment documents" to be vague and overly broad, but the court agrees the scope can be appropriately tailored to obtain the employment contracts for these employees, given the nature of the case.  Because it is unclear from defendants' response whether they have produced *all* of these employment contracts, the court grants these requests in part and directs defendants to produce to plaintiff the employment contracts of these individuals.

Similarly, the court finds Document Request Nos. 64 and 75 to be too broad as written.  In addition to requesting all employment documents for these named executives, plaintiff makes increasingly-broad requests for these individuals, including "all documents related to the employment contracts,"[58] "all correspondence,"[59] "all payments of compensation and benefits,"[60] "all documents providing notice of the Board of Trustees regarding the contracts and the employment of these individuals,"[61] and "all documents regarding audit that reference employment contracts . . . or which reflect payment of wages and benefits."[62]

---

[57] *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 542 (D. Kan. 2006).

[58] ECF No. 54-4 at 22.

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

Defendants object that these requests are "without limitation to time or scope for individuals who have no bearing on this litigation."[63] The court agrees. Plaintiff argues he was terminated unfairly and others with similar contracts were not. The court agrees that information about their contracts might be relevant to plaintiff's claims. But discovery, while broad, isn't unlimited, and plaintiff hasn't offered any reason why *all* their employment documents or all documents involving their compensation at all times would be necessary in this case. Simply put, plaintiff has failed to adequately explain how this very broad request is relevant or reasonably calculated to lead to the discovery of admissible evidence. Accordingly, defendants' objections to answering these requests are sustained.

Document Request Nos. 57-60

Document Request Nos. 57-60 seek all board minutes, all board documents involving human resources, all documents to the board regarding other executives' compensation, and all human resources documents regarding other executives' compensation. Defendants originally objected that the requests were overly broad, vague, not limited in scope, and protected by statutory and attorney-client privilege. Defendants do not re-assert these specific objections in their response to the motion to compel; rather, they say they've produced the relevant board agendas, meeting minutes, and agenda attachments.[64] The court find the requests for all board documents (Request No. 57) and

---

[63] ECF No. 59 at 15.

[64] *Id.*

all board documents regarding finances and compensation (Request No. 58), though limited in time, are overly broad. Plaintiff has not shown how these broad requests are relevant to his individual claims.

The evaluation of Request Nos. 59 and 60 is a closer call because they seek documents reflecting the compensation and benefits paid to the executives plaintiff alleges signed similar contracts. Plaintiff asserts the requested information will show the board was aware of the employment contracts signed that year and will show that the other executives were paid according to their contracts, whereas plaintiff was not. Defendants represent they previously asked plaintiff to describe what information he sought and potential search terms to find this information.[65] The court believes narrowing these two requests would fairly accommodate both parties. Plaintiff is directed to narrow Document Request Nos. 59 and 60 and provide specific search terms to defendants to obtain the information they believe is responsive.

Document Request Nos. 72 & 73

Plaintiff seeks documents related to Deryl Wynn, an attorney for defendants, and the employment contracts he drafted for defendants. Defendants reassert their objection that these documents are not limited in time and scope and are not relevant to plaintiff's claims. The court finds they may be relevant to the drafting and approval process of defendants' contracts, which is a central issue in this case. To the extent defendants assert responsive documents are privileged, they should include these documents in the privilege

---

[65] *Id.*

log.

<u>Category D: Information About Other Terminated Employees (Interrogatory No. 19; Document Request Nos. 10, 13-15, 18, 19, 45, 46, 50, & 51)</u>

<u>Document Request Nos. 10, 13, 14, & 15</u>

Document Request Nos. 10 and 13-15 seek documents related to the evaluation, discipline, and termination of four individuals, "all of whom plaintiff believes committed violations of KCKCC rules/policies and either were or should have been terminated for those violations."[66]  Defendants previously objected to the requests as irrelevant, confidential, and privileged, but they do not re-assert these objections in their response to the motion to compel.  The only objections that remain are that they are overly broad and not limited in scope or time.[67]  The court overrules defendants' objections.  Plaintiff seeks this information about specific individuals to evaluate "what, if anything, constitutes detrimental conduct or failure to comply with KCKCC rules/policies."[68]  Discovery seeking the evaluation, discipline, and termination of other employees is reasonably related to plaintiff's claims of discrimination and retaliation.  The court therefore grants plaintiff's requests to compel Request Nos. 10 and 13-15.

<u>Document Request Nos. 18 & 19</u>

Document Request Nos. 18 and 19 seek records of "any other employee" disciplined for the same reasons the board gave plaintiff, i.e. "personal conduct detrimental to the

---

[66] ECF No. 54 at 23.

[67] ECF No. 59 at 15.

[68] ECF No. 54 at 23.

interests of the college" and "failure or refusal to comply with or violation of any policies, rules, regulations, or laws applicable to the college" from 2010 to the present. Interrogatory No. 19 seeks the names of other individuals who were terminated for the same reasons as plaintiff. Defendants object that the requests are overly broad and unduly burdensome under a proportionality analysis. The court agrees the requests are overly broad with a ten-year span, given the broad reach of the descriptions of the violations. But the court also takes plaintiff's point that he is unable to narrow the requests to a more specific violation because he has not been given that information by defendants. The court will therefore limit the temporal scope of the requests and interrogatory to five years prior the date plaintiff instituted this action.[69] To the extent defendants assert that responsive documents are privileged, they should include these documents in the privilege log.

Document Request Nos. 45, 46, 50, & 51

Plaintiff seeks all documents related to the termination, severance, or discipline of any employee or trustee, for violating any policy or rule or engaging in detrimental conduct, at any time. Even more broadly, plaintiff seeks all documents "related to any other employee" who violated any policy or rule or engaged in detrimental conduct at any time. Courts often limit the geographic scope of discovery to the employing unit or work unit, in the absence of evidence that there were hiring or firing practices and procedures applicable to all the employing units.[70] Whereas some of the previous requests are limited

---

[69] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 675 (D. Kan. 2003).

[70] *White*, 586 F. Supp. 2d at 1257.

21

by time or are tailored to specific individuals, this set effectively seeks any disciplinary information – and all employment information, it appears – for anyone in the company who has gotten in trouble at any time, which is an extremely broad request. The requests are overly broad. Plaintiff has not shown a "more particularized need for, and the likely relevance of, broader information."[71] Accordingly, the court agrees with defendants that the requests are overly broad and sustains defendants' objections.

Category E: Facts Supporting Affirmative Defenses (Interrogatory Nos. 22 & 23; Document Request Nos. 47 & 48)

Plaintiff requests "all material facts" supporting two paragraphs in defendants' affirmative defenses, as well as documents supporting those allegations. Defendants do not object to the substance but assert they have the ability to update their responses as discovery proceeds and will do so when appropriate.[72]

The court finds plaintiff's contention interrogatories are reasonable and proportional to the needs of the case. Although courts generally find interrogatories seeking a narrative account of a party's case objectionable, interrogatories may properly ask for the principal or material facts supporting an allegation or defense.[73] Interrogatories, even those that ask

---

[71] *Collins v. Wal-Mart Stores, Inc.*, No. 06-2466CMDJW, 2008 WL 1924935, at *3 (D. Kan. Apr. 30, 2008).

[72] ECF No. 59 at 16.

[73] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *5 (D. Kan. Jan. 2, 2018); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2192860, at *2 (D. Kan. July 25, 2007); *Allianz Ins. Co. v. Surface Specialties, Inc.,* No. 03–2470–CM–DJW, 2005 WL 44534, at *8 (D. Kan. Jan. 7, 2005).

for "each and every" fact, are not unduly burdensome or overly broad if they are narrow in scope and do not seek every conceivable detail and fact concerning the entire case.[74] The court therefore grants plaintiff's motion as to Interrogatory Nos. 22 and 23. As to the corresponding Document Requests No. 47 and 48, defendants state the parties have reached a document-production schedule that may result in additional responsive documents. Defendants are directed to produce additional responsive documents to these requests.

<u>Sanctions</u>

Pursuant to Federal Rule of Civil Procedure 37(a)(4)(C), when a court grants in part and denies in part a motion to compel, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Here, the court finds it appropriate and just for the parties to bear their own expenses and fees incurred in connection with the instant motion to compel.

IT IS THEREFORE ORDERED that plaintiff's motion is granted in part and denied in part:

- Granted as to Interrogatory Nos. 1, 3, 6, 10, 14, 18, and 22-24.

- Granted as to Document Request Nos. 5, 10, 13-15, 24, 47, 48, and 72-74.

- Granted in part as to Document Request Nos. 11, 12, 16-19, 59, and 60.

- Denied as to Document Request Nos. 45, 46, 50, 51, 57, 58, 64, and 75.

---

[74] *Heartland Surgical Specialty Hosp., LLC*, 2007 WL 2192860, at *2 (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 619 (D. Kan. 2005) (finding an interrogatory asking for each and every element of a product's design the plaintiffs contended was defective, asking the plaintiffs to identify how it was defective, and asking the manner in which their injuries were caused by each alleged defect to be sufficiently narrow)).

- Document Request Nos. 41-44, 62, and 63 are resolved.

By **March 27, 2020,** defendants shall supplement their discovery responses accordingly.  The parties are also directed to update the privilege log and confer as a result of this order and in coordination with their agreed document-production schedule.

IT IS SO ORDERED.

Dated March 6, 2020, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge